NEW YORK,
Oct. 1812.

STEVENS
v.
WOOLSEY.

A verdict was found for the plaintiff, subject to the opinion of the court, on the above case. And it was agreed, that if the court should be of opinion that the discharge of the defendant defeated the plaintiff's right of recovery, a new trial should be granted, with costs to abide the event of the suit.

━━━◆━━━

STEVENS *against* WOOLSEY AND OTHERS.

THIS was an action of covenant, on a covenant in a deed, executed by the defendants to the plaintiff, dated the 16th of *July*, 1808, for lot No. 9. in the township of *Scipio*, for the consideration of 200 dollars, in which were the usual covenants of *seisin* and warranty. The defendant pleaded *non est factum.* It appeared

*A soldier in the revolutionary war, entitled to a lot of land, as bounty, died prior to the 27th March, 1783, before*

the statute of descents. On the 1st *July*, 1808, his brothers and sisters, his next of kin, except *Henry*, the eldest brother, executed a deed for the land to B. *Henry*, the eldest brother, had previously conveyed the lot to C. who was in possession under the deed, at the time of the conveyance to B. In an action of covenant brought by B. against the grantors in his deed, for a breach of the covenant of seisin, it was held that the plaintiff was entitled to recover, the defendants not having shown that they came within the special provision of the 8th section of the act, (sess. 26. c. 88.) passed *April* 5th, 1808, and the court would not, by intendment, help the claim of the defendants, in opposition to the title of the presumptive heir at law, and of a *bona fide* purchaser holding under him at the time.

that *Jacob Spilsbury*, a soldier, was entitled to the lot of land. He died before the end of the revolutionary war, leaving the defendants, his brothers and sisters, and *Henry*, who was the eldest brother, his next of kin.

*Henry*, the eldest brother, conveyed the premises in question to *William Van Ostrum*, who was in possession, under that deed, at the time of the execution of the deed by the defendants to the plaintiff.

A case containing the above facts was submitted to the court; and it was agreed, that if the court should be of opinion that the plaintiff was entitled to recover, a judgment should be entered against the defendants for the sum of 200 dollars, with interest from the 16th of *July*, 1808, to the time of judgment; otherwise, a judgment of nonsuit was to be entered.

*Per Curiam.* There could not be a doubt of the plaintiff's right to recover, if it were not for the provision in the 8th section of the act of the 26th session, c. 88.(*a*)   As the soldier, in this case, died before the end of the revolutionary war, he must have died previous to the 27th of *March*, 1783, and so far the case is within the provision of the act; but the date of the deed from the elder brother is not stated. It only appears that the lands are held under a purchase from the elder brother, who was, independent of the statute, the heir at law, and that the lands were so held, *at the time of the execution of the deed by the defendants*. It lay with the defendants to bring themselves within the special provision of the act; and the court is not, by *intendment*, to help the claim exercised by the defendants, in opposition to the title of the presumptive heir at law, and of a *bona fide* purchaser, holding under him at the time.

Judgment for the plaintiff.

(*a*) That act (sect. 1.) declares that all lands heretofore granted by letters patent, to officers and soldiers serving in the line of this state, in the army of the *United States*, in the late war with *Great Britain*, and who died previous to the 27th *March*, 1783, shall be, and are thereby declared to have been vested in the said persons at the time of their deaths respectively.   And the 8th section declares that the rules of descent, established by the act, &c. passed the 23d *February*, 1786, shall apply to, and govern in, all the cases provided for by the 1st section of the act, except where the lands specified in any letters patent therein mentioned, or any part thereof, are held by *bona fide* purchasers or devisees, under any person or persons who would have been heirs at law of the patentees, if that provision had not been made.