Spencer, J.,
delivered the opinion of the court. The lessors of the plaintiff deduced a title under Jeremiah Austin, a soldier in the revoutionary war, and produced letters patent, dated the 7th of October, 1807, for the lot in question, to Jeremiah Austin. It was proved that he was slain in battle, in 1778, and at the time of his death left no other relative but one brother, David Austin, who died about the close of that war, leaving six sons and two daughters, several of whom are lessors of the plaintiff; and it was admitted upon the argument, and so the fact is, that if the objections made to the plaintiff’s recovery are unfounded, he is entitled to recover one moiety of the lot; the *409 defendants having shown a title from the children of David Austin, to persons not lessors, to the extent of one half of the lot. '
The objection to the plaintiff’s recovery is this; that the children of David Austin cannot inherit through him, as he was not seised, in fact, of the premises; that they must make title as heirs of Jeremiah $ and then Holmes Austin, the eldest son of David, was the sole heir, and he having conveyed his right to the lot to a person not named as a lessor of the plaintiffs, the plaintiff’s claim was defeated.
The first section of the act of the 5th of April, 1803, reenacted on the 8th oí April, 1813, (1 ,/Z i?. Z. 3C3.) enacts, that the title to all lands, granted by letters patent to officers and • soldiers serving in the line of this state, in the army of the United States, in the late war with Great Britain, and who died previous to the 27th of March, 1783, shall be, and thereby is, declared to have been vested in the said persons at the time of their deaths respectively. This court have had occasion to express a decided opinion on the validity and operation of this act. (3 -CaineA Rep. 62. 2 Johns* Rep. 80.) We considered it free from any objection; and that the title was absolute-* ly vested in the soldier, at the time of his death, without reference to the time when the letters pateht, in- fact, issued. The letters patent are only evidence of the grant; and by force of the act, the title relates back to the period of the death of the soldier.
The rule of descent established by the act “ to abolish entails, to confirm conveyances by tenants in tail, to regulate de- • scents, and to direct the mode of conveyances to joint-tenants,” was, by the act of the 5th of April, 1803, and also by the act of 1813, before referred to, declared to apply to, and govern in, all the cases provided for by the first section, except where the ’ends specified in any of the letters patent therein mentioned, or any part thereof, were, on the 5th of April, 1803, held by bona fide purchasers, or devisees under any person or persons who would have been the heirs at law of the patentees, if that provision had not been made.
In this case, it cannot be pretended that any part of the lot in. question was held, under conveyance from Holmes Austin, the eldest son of David, anterior to the year 1806. The consequence is, then, that all the children of David, under the fifth canon of descents, would inherit as heirs of Jeremiah, as tenants *410 in common, such share as would have descended to their father David, had he died prior to Jeremiah. He, however, survived Jeremiah, and if he is to be deemed to have died seised of the premises, then all his children take, as tenants in common, under the first canon of descents.
There can be no doubt that David Austin was so seised of the premises, as that his heirs may claim the inheritance through him.
This court decided, in Jackson v. Sellick, (8 Johns. Rep. 269.) that it was not necessary there should be a possession in fact, in the wife, to entitle her husband to be tenant by the curtesy; and, by the English law, it is as necessary, that the wife should he seised to entitle the husband to his curtesy, as that an ancestor should be seised, to entitle the heir to the inheritance.
In the case referred to, the court held, that as to wild and uncultivated lands, the owner is deemed to be in possession, and that such possession was a sufficient seisin in the wife, to entitle the husband to be a tenant by the curtesy. We considered that the rule of law which, in England, required a seisin in fact, must be applied here, with such a limitation as the peculiar state of lands in this country required ; and that to consider the possession as following the ownership, in the case of wild and unimproved lands, was no departure from the spirit and substance of the ■ English law.
The principle of that decision governs this case; and, therefore, David Austin must he considered as having died seised of the premises ; and, consequently, all his children inherit in equal, shares, as tenants in common.
Judgment for the plaintiff, for one half of the premises.,