Curia, per Sutherland, J.
In Jackson, ex. dem. *698 McCloughry and others, v. Skeels, (19 John. 198,) which was a case upon this same title, it was decided, 1. That nothing passed by the patent to John McCloughry, the soldier, granted the 13th of September, 1790, for the lot in question; he having died in Í781, and the act of.April 6th, 1790, relative to military bounty lands, not authorising a grant to a soldier who was not alive in March, 1783: 2. That the act of April 3d, 1807j (5 W. Laws N. Y. 124,) vests the lands patented to John McCloughry, in his heirs though aliens, in the same manner as it would have descended to them if they had been citizens of this state; but by the true construction of that act, they are to take according to the law of descents, in this state at the time of its passage: 3. That the title of the heirs, *as it respects the statute of limitations, is to be deemed to have' accrued from the time of passing the act.
The evidence as to the death of Gilbert ' McCloughry is essentially the same as it was in the other cause ; where it was held to be too slight to raise the presumption of his death before the passing of the act of April 3d, 1807. One witness swears, that about twenty years before the trial he heard that he had removed to Canada; and he had not heard of him since; another witness swore that he had made inquiries concerning him, not in Canada, but in Herkimer and Montgomery counties, where he lived in 1798 or 99, and could not trace him beyond that period. ■ There is not sufficient evidence of his death. He must be considered, then, as in being in 1807, when the act was passed vesting the title to this lot in the heirs of the patentees, and as having taken the one fourth t¿ which he was entitled And the defendant having deduced a regular title from him, the plaintiffs cannot in any event recover more than three. fourths of the premises in question.
But it is contended on the part of the defendant in this case, that the lands in question never did escheat, and that the act of April 3d, 1807, vesting the title to them in the alien heirs of the patentee was void and inoperative. It appears from the case, that in 1781, when the patentee died, he had a maternal cousin, by the name of Patrick *699 Barber, a citizen and inhabitant of this state; that Barber came to this country more than sixty years before the trial, and settled in Orange county, where he died in 1791, leaving several children, some of whom are still living, and are citizens of the United States.
It is contended, that, on the death of the patentee in 1781, all his heirs, eco parte paterna, being aliens and incapable of taking the estate, it descended to Patrick Barber, his cousin and heir on the part of his mother.
If no title passed to the soldier by the patent of September 13th, 1790, as is said by the court in the case of 19 John, then admitting that Patrick Barber would have inherited, if there had been any inheritance for him to take, he can have no claim to these'premises, because no title was vested in his ancestor. But it was immaterial in that case whether any *title vested in the soldier or not by virtue of the patent; for if a title did pass, still, dying without heirs capable of taking by descent, as he appeared to have done, in that case the land of course escheated to the state. If nothing passed, then the title was -never out of the state; and upon either supposition, the state had a right to make such disposition of the land as was made by the act of April 3d, 1807. But the act of April 5th, 1803, (3 W. Laws N. Y. 399,) provides for the case of officers and soldiers who died previous to the 27th of March, 1783, as follows : “That the title to all lands heretofore granted by letters patent to officers and soldiers serving in the line of this state, in the army of the United States, in the late war with Great Britain, and who died previous to the 27th day of March, 1783, shall be and hereby is declared to have been vested in the said persons at the time of their deaths respectively;” and in Jackson ex dem. Sherwood v. Phelps, (3 Caines, 67,) it seems to have been the opinion of the court, that this was in the nature of a declaratory act; and that it was the intention of the legislature that the title thus declared to exist, should relate back to the time of issuing the patent; (b) though Ch. J. Kent was of a different- opinion.
*700 i If, then, in 1781, when the patentee died, he left heirs • m this county capable of taking, the title to these lots vested in them, (3 John. 1, 7 John. 214,) and nothing passed by the act of 1807. The legislature intended to give land belonging to the state; but if these lots had not .escheated, they did not belong to the state; and the legislature had no right to divest the vested rights of the heirs of the patentee. (Jackson, ex dem. Folliard, v. Wright, 4 John. 75.)
The 8th section of the act of April 5th, 4803, provides the rules of descent established by the act abolishing entails, &c., shall 'apply and govern in the cases mentioned in the first section of the act, &c.
But admitting that Patrick Barber was the legal heir of the patentee at the time of his death in 1781,'and was capable of taking the land in question, no privity is shown between *him or his title, and the defendant; nor is there any evidence that his title, whatever .it may have been, was a subsisting title at the time of the trial; on the contrary, every presumption in^the case is against the fact of its being a subsisting title. He never entered upon the land, nor any one claiming under him. A surrender or conveyance from him may therefore be presumed. (3 Wheat. 224, 230, note. 4 John. 202. 7 id. 278. 10 id. 338, 387.)
The plaintiff is, therefore, entitled to recover three-fourths of the premises in question. But the defendant is entitled, to compensation for his improvements, under the statute the settlement on the lot having been made under color of a bona fide purchase.
Rule accordingly.

 Jackson v. Winslow, (2 John. 80), and Jackson v. How. (14 John. 405 S. P.)