Curia, per Sutherland, J.
The premises in question A were granted by letters patent, bearing date the 5th day of November, 1790, to Peter Shults, a private soldier in captain Fink’s company, in the first New Yerk regiment. The no, •• „ , „ patentee died at Tort Stanwix, m 1780, ten years before the issuing of the patent. He was a young man, and died intestate without children, leaving a father and several brothers and sisters. The lessors of the plaintiff represent the elder brother, and the defendant the father of the patentee,
The brothers of the patentee, on the 20th of November, *270 1795, conveyed the premises to Sebastian Yisscher ; and the deed was recorded the 20th of October, 1796.
The patentee died previous to the 27th day of March, 1783; and by the express provisión of the 1st section of the act of April 5th, 1803, the title to his lot was vested in him at the time of his death. Our statute of descents was passed on the 23d of February, 1786 ; and the 8th section of the act of 1803, provides that the rules of descent established by the act of 1786, shall apply to and govern in all the cases provided for by the 1st section of the act of 1803, “ except where the lands specified in any of the letters patent therein mentioned, or any part thereof, were on the 5 th day of April, 1803, held by bona fide purchasers or devisees, under any person or persons who would have been the heirs at law of the patentees, if this provision had not been made.” The premises in question fall within the exception, having, prior *to 1803, bpen conveyed by Peter Shults, who is admitted to have been the, elder brother of the patentee, and his heir at common law, to Sabastian Visscher. • .
The act does not contemplate an actual possession and improvement, when it speaks of the lots being held by bona fide purchasers or divisees under the heir at law. The term was undoubtedly used in its legal sense, and is synonymous with the possession'or holding of the- title.- (Stevens v. Woolsey, 9 John. 325. Jackson v. Phelps) 3 Caines, 62. Jackson v. Winslow, 2 John. 80. 10 John. 495.)
The plaintiff is entitled to judgment according to the stipulation in the case. ^
Judgment for the plaintiff.