Freeman, J.,
delivered the opinion of the Court.
*703 This is a motion to discharge a supersedeas issued in pursuance of fiat of one of the Judges of this Court, superseding the execution of an order of commitment against G. W. Cook, one of the defendants in the case, for alleged contempt of process and orders of Chancery Court at Memphis.
The only question properly before us on this preliminary motion is the jurisdiction of this Court to grant writ of error and supersedeas in such cases. The merits of the cause of commitment need not be discussed at present.
By sec. 3155 of Code, it is provided that “either party to a decree of Chancery Court may have a reexamination of the whole matter of law and fact appearing in the record, by appeal to the Supreme Court.
By sec. 3172, an appeal in the nature of a writ of error lies, at instance of either party, from decrees-of Court of Chancery, subject to the same regulations as an appeal from similar decrees. By see. 3176, a writ of error lies from Chancery Court, where the decree is final, to the Supreme Court in all cases where an appeal in the nature of a writ of error would have lain.
By sec. 3178, the writ of error does not operate as supersedeas, unless one of the Judges of this Court, upon inspection of the record, shall be of the opinion that there is error, and shall order a supersedeas to issue.
By Constitution of State, art. 6, s. 2, it is provided that the “jurisdiction of this Court shall be- ap *704 pellate only, under sucb restrictions and regulations as may, from time to time, be prescribed by lawand, by sec. 1 of said article, tbis Court is provided for as tbe Supreme Court, and other Courts that the Legislature may, from time to time, ordain and establish, are denominated inferior Courts.
We think the fair and legitimate meaning of these last provisions is, that this Court is the supreme tribunal of the State, and other Courts inferior in the sense of being. subject in their action to the jurisdictional control of this Court, as the appellate tribunal, over all such judgments and decrees as they may render affecting the life, liberty, property, or rights of the citizens of the State.
The particular mode in which this jurisdiction may be exercised, whether by appeal in the nature of a writ of error, or by writ of error and supersedeas, is a matter- of regulation by the Legislature; and such restrictions and regulations may be enacted by the Legislature as may be deemed proper, so as not to defeat the ultimate control of this Court, as the Supreme Court of the State, over the inferior Courts ordained by the Legislature.
Perhaps there may be exceptions to the generality of the rule ’ above stated, as in case of writ of . habeas corpus, and it may be in some other cases — but if so, they are but exceptions growing out of the particular nature of the case, and do not in any way affect the soundness of the rule itself.
With this view of the jurisdiction of this Court, we hold that the action of the Chancellor in a case *705 of contempt, sucb as is before us in this record, is subject to be reviewed, and that the writs of error and supersedeas were applicable and appropriate as the remedy of the party, and the motion to discharge the supersedeas will not be allowed.
As to the merits of the case arising out of the facts, we express no opinion at present, but leave that question to be investigated when the case is regularly reached, and shall be properly before us on hearing of the case.
We deem it proper to say, however, that we have looked through this entire record, and we see no evidence whatever, that his Honor the Chancellor, who made the order of commitment, has acted from any motive, except that of a conscientious discharge of his duty. We think the record abundantly vindicates him from even the suspicion of any motive except that of performance of what he deemed an act necessary to proper enforcement of the orders of his Court.
The question has been argued before us in this case, as to constitutionality of appointment of a special Judge under provisions of act of Legislature, by choice made by members of the bar. We deem it proper to settle this question, as it is one of some importance.
We have had this question before us at this term, in case of Ligon v. State, but have withheld the opinion on that question, for the argument in this case.
The act in question, was passed July 7th, 1870, pamphlet acts, p. 125, and is entitled, "an act to provide for the appointment of special Judges in cer *706 tain cases.” It provides that when from any cause the Judge of any Court of Record in this State, (except the Supreme Court) fails to attend, or if in attendance, can not properly sit in a cause or causes pending' in such Court, the attorneys of the Court who are present, and are residents of the State, shall elect one of its number then in attendance to hold the Court for the occasion, who shall have all the qualifications of a Judge of said Court, and who shall accordingly preside and adjudicate.
The election is to be held by the Clerk of the Court, who shall give the casting vote in the event of a tie.
By Constitution of 1870, sec. 11, it is provided in first part of the section, that “no Judge of Supreme or Inferior Courts shall preside on the trial of any cause, in the event of which he may be interested,” etc.
It then provides that in case of disqualification of Judge of Supreme Court, the Court or Judges shall certify the fact to the Governor, and he shall forthwith specially commission the requisite number of men of law-knowledge, for the trial of such cases, as the Judges may be disqualified from hearing.
It then .provides: “ The Legislature may by general laws make provision that special Judges may be appointed to hold any Court, the Judge of which shall be unable or fail to attend or sit, or to hear any .cause in which the Judge may be incompetent.”
The act of the Legislature was passed to carry out this provision.
*707 It will be seen that in ease of disqualification of Judge of tbe Supreme Court, the Governor is to specially commission some one to try the case in which he is disqualified. But in reference to the inferior Courts, the providing for such incompetency or disqualification is left entirely to the Legislature, and all that is required, is that it shall be by “general laws.” It is true the word appointment is used, but we think this only means, the selection or designation of some one to hold the Court, or hear any case in which the Judge is incompetent.
The provision is not to enable the Legislature to provide for filling a vacancy in an office, but only to supply a temporary absence of the Judge of the Court, or in case he is disqualified to try any case to enable the Legislature to meet the exigency, by enacting a general law to meet all such cases. The Constitution goes on the assumption that the office of Judge is filled, but the officer is absent or incompetent to sit, and to meet such cases the Legislature is left to its discretion to' provide for them.
We think the Legislature have done so, and see • no objection to the mode which they have prescribed. On the contrary we can see no better mode of meeting the exigency than the one provided by the statute, and as we can not see that it conflicts with the Constitution, but as we think accords with it, we hold the act to be the law of the land. •
We need not go into a critical analysis of the Constitution in order to strengthen this view. We have given careful attention to the question in the *708 other ease referred to, and feel satisfied with the correctness of onr conclusion.
The result is, the motion to discharge the superse-deas will be disallowed, and the case stand for hearing on its merits.