The State v. Schneider.

THE STATE OF MISSOURI, Defendant in Error, v.
WM. G. SCHNEIDER *et al.*, Plaintiffs in Error.

St. Louis Court of Appeals, February 2, 1892.

1.  Appeals : JUDGMENT FOR CONTEMPT OF COURT. An appeal lies
    from an order imposing a fine upon a party in a cause for con-
    tempt of court, where the contempt is not direct, and the appeal
    in no way interrupts or delays the proceedings in the main cause.

2.  Certiorari : WHEN WRIT MAY ISSUE. A writ of *certiorari*, when
    not ancillary to other proceedings, can issue only on final judg-
    ments. Accordingly a proceeding to obtain a dramshop license
    cannot be removed from a county court by *certiorari*, until it has
    been finally disposed of by that court.

3.  Jurisdiction of Inferior Tribunals. *Held*, in the course of
    discussion, that the jurisdiction of inferior tribunals must appear
    by some part of the record of their proceedings, but that it is not
    essential that such jurisdiction should appear from any specified
    part of the record.

*Error to Cape Girardeau Circuit Court.*—HON. H. C.
O'BRYAN, Judge.

REVERSED.

*Wilson Cramer*, for plaintiffs in error.

(1) A judgment of conviction in cases of contempt not committed in the immediate view and presence of the court is subject to review on appeal or writ of error. Freeman, Judgments [2 Ed.] sec. 137; *Matter of Greene Co. v. Rose*, 38 Mo. 390; *Meyers v. State*, 22 N. E. Rep. ( Ohio ) 43; *Lester v. People*, 23 N. E. Rep. ( Ill.) 387; *In re Deaton*, 11 S. E. Rep. ( N. C.) 244; *State ex rel. v. District Court*, 42 N. W. Rep. ( Minn.) 598; *Bird v. Gilbert*, 19 Pac. Rep. ( Kan.) 924. (2) The statute relative to punishment for contempt provides : Sec. 3261 : ''Every court of record shall have power to punish, as for criminal contempt, persons guilty of any of the following acts, and none other: * * * Wilful disobedience of any process or order lawfully issued or made by it.'' If the court had no authority to make the order appealed from, it is not ''lawfully issued or made,'' and its violation is not punishable as contempt. *Lester v. People, supra.* ( 3 ) *Certiorari* takes the place of appeal where an appeal from the judgments of county courts, acting judicially, is not expressly provided for. *Snoddy v. Pettis Co.*, 45 Mo. 361. (4) In the very nature of things there must be a final determination of the matter in the inferior court before the supervisory powers of the superior court can be set in motion by *certiorari.* 2 Wait's Act & Def., sec. 5, p. 140; *Lynde v. Noble*, 20 Johns. 80; *Cuyler v. Trustees of Palmyra*, 5 N. Y. ( S. C. T. & C.) ; *Palms v. Campan*, 11 Mich. 109; *People v. County Judges*, 40 Cal. 479. ( 5 ) At the August term of the county court, 1889, neither Hoffmann & Lail nor James R. Jenkins were asking for a license. The only matter before the court was the examination and approval, or rejection, of the citizens' petitions required to be filed as the authority, if sufficient, for the issuance of licenses to those parties if applied for, and the court's action on these petitions was ''the cause,'' the record of which was removed into the circuit court for review.

*W. H. Miller* and *R. B. Oliver*, for defendant in error.

ROMBAUER, P. J.—The defendants are judges of the county court of Cape Girardeau county, who were fined by the circuit court for contempt in wilfully disobeying its orders lawfully issued. They have sued out this writ of error, and assigned for error that the order of the circuit court, which they are charged with having disobeyed, was not lawfully issued, and that it appears by the record that they were not guilty of its wilful disobedience. The plaintiff maintains the affirmative of both these propositions, and asserts in addition that the judgment in the contempt proceedings is not subject to review upon appeal or writ of error, and hence this writ should be dismissed.

Every superior court of the record being at common law the sole judge of contempts against its authority and dignity, it follows that the judgment of every such court in cases at common law is final and conclusive, and not reviewable by any other tribunal (which in other cases would exercise appellate jurisdiction), either on writ of error or appeal, unless specially authorized by statute. Rapalje on Contempts, sec. 141. The usual mode of review in cases of commitment was by *habeas corpus*. In many of the states of the union criminal contempts are defined by statute, and the power of courts to punish for contempts is limited both as to subject-matter and as to the punishment to be imposed. It is so limited in this state. We have no statute directly authorizing an appeal in proceedings for contempt, but our statutes provide that "every person aggrieved by any final judgment or decision of any circuit court in any civil cause, * * * from which an appeal is not prohibited by constitution, may make his appeal to the court having appellate jurisdiction of such judgment or decision." R. S. 1889, sec. 2246; R. S., secs. 4277 and 4278, as to criminal cases. These

statutes are broad enough to provide for a direct review of every case by appeal or writ of error when such appeal is not prohibited by the constitution, unless there is something in the nature of the proceeding which makes an appeal wholly impracticable.

When the contempt is direct, or, when indirect, serves to interrupt or retard the course of judicial proceedings, an appeal on collateral issues would tend to weaken the authority of the court and to embarrass the conduct of causes. The decision, while final as to the party affected, would moreover be a decision on a collateral issue incidentally arising. The writ of *habeas corpus*, or even a motion to quash the process, where the court exceeds its jurisdiction, might furnish an ample and adequate remedy in such cases. But such an argument is not admissible in a case of this character, where the contempt is not direct, and where the judgment in the contempt proceedings is not only for all intents and purposes final, but also in no way affects the further conduct of the cause. Analogous cases heretofore decided by this court and the supreme court impliedly recognize the right of appeal in this class of cases. *State v. Horner*, 16 Mo. App. 195; *In the Matter of Greene Co. v. Rose*, 38 Mo. 390. And such seems to be the view in many other states, although the authorities are not quite uniform. In *Whitten v. State*, 36 Ind. 196, the supreme court of that state held that an appeal does lie in cases of criminal contempt. The statute there did not mention contempts in direct terms, but gave a general right of appeal in both civil and criminal cases. So in *Birkley v. Commonwealth*, 2 J. J. Marshall, 575, the supreme court of Kentucky held that the appellate court has authority to correct erroneous judgments and sentences, although it cannot retry the facts involving a contempt. The right of appeal, more or less limited, from final judgments in contempt proceedings has been recognized in many other jurisdictions. *Ware v. Robinson*, 9 Cal.

107; *People v. Simonson*, 9 Mich. 492; *Register v. State*, 8 Minn. 214; *People ex rel. Negus v. Dwyer*, 90 N. Y. 402; *Ex parte Robbins*, 63 N. C. 309; *Cromartie v. Commissioners*, 85 N. C. 211; *Hundhausen v. Fire Ins. Co.*, 5 Heisk. 702; *Wells v. Commonwealth*, 21 Gratt. 500. We must, therefore, conclude that there is nothing in the mere fact, that the final judgment sought to be reviewed is one in a proceeding for contempt, which prevents its review on appeal in this state, where as in this case the contempt is not direct, and the appeal in no way interrupts or delays the proceedings in the main cause.

On the other questions presented, the following facts appear by the record: Two applications for the issue of annual dramshop licenses were presented to the county court in August, 1889. The applications were accompanied by petitions purporting to be signed by the requisite number of taxpaying citizens, but the petitions failed to state that the signers were assessed taxpayers, wherein they failed to show on their face that the signers were such as the statute required. A number of citizens appeared as objectors before the county court, and resisted the applications and approval of the petitions, both on the ground that the petitions were insufficient upon their face, and that they were signed by persons not properly qualified under the statute. The county court heard the objections, sustained them in part and overruled them in part, and approved the petitions, but took no further steps towards granting a license at the time. The order of the county court approving the petitions also failed to find that the petitions were signed by the requisite number of assessed taxpayers. The objectors thereupon applied to the circuit court for a writ of *certiorari* to remove the proceedings to that court, and upon their statement that the county court was exceeding its jurisdiction in the premises, and that the attorney general

and circuit attorney declined to interfere, the circuit court issued its writ of *certiorari*, removing the cases to the circuit court.

It is not questioned but that the objectors, under the decision of this court in *State v. Heege*, 37 Mo. App. 338, had a standing in the circuit court, providing the issue of the writ was not premature. The only difference between that case and the present, touching that question, consists in the fact, that there the writ issued after the granting of the license, and in the present case the writ issued before the granting of the license, but after the petition for a license was approved. The defendants claim that the circuit court had no jurisdiction to remove the proceeding from the county court before something was done therein in the nature of a final order or judgment, and that a final order in a case of this character is the granting of the license. The defendants further claim that the command of the circuit court, embodied in the writ of *certiorari*, "to stop all further proceedings in said cause," was unwarranted by law, and was not an order, "lawfully issued" within the purview of the statute touching criminal contempts.

The papers in the two causes were transmitted to the circuit court in obedience to the writ of *certiorari*. At a subsequent term of the county court the defendants composing said court took up the two applications for license, and, although the objectors appeared and protested, defendants approved the applications and granted the licenses required, whereupon the objectors caused them to be attached for contempt, and the circuit court rendered the judgment against them for contempt, to reverse which the defendants prosecute this writ.

The first question to be determined is, whether the issue of a writ of *certiorari* by the circuit to the county court, at the stage of the proceedings at which the writ was issued, was a proceeding warranted by law.

The writ of *certiorari*, except in the cases otherwise specifically provided by statute, is in the nature of a writ of error with this difference, that it brings up only the record of the inferior tribunal for inspection, and the trial upon it is a trial of questions jurisdictional in their nature, and not a trial *de novo* except of matters affecting the jurisdiction of the court. *Britton v. Steber*, 62 Mo. 370 ; *Chicago & R. I. Ry. Co. v. Young*, 96 Mo. 39 ; *State v. Smith*, 101 Mo. 174 ; *State v. Police Commissioners*, 14 Mo. App. 297. At common law, when the writ was issued not as ancillary to other process, it was a writ in the nature of a writ of error addressed to inferior tribunals whose procedure was not according to the course of the common law. 2 Wait's Act. & Def. 134. As in this state no provision is made by statute regulating proceedings upon such writs, we must assume that they are the same as at common law, and that the writ, when not ancillary to other proceedings, can issue on final judgments only. That we understand to be the common-law rule. *Lynde v. Noble*, 2 Johns. 80 ; *Cuyler v. Trustees of Palmyra*, 3 Hun, 549 ; *Palms v. Campan*, 11 Mich. 109 ; *People v. County Judges, etc.*, 40 Cal. 479. That such is the correct view must be still more evident in view of the fact, that in this state appeal or error lies from final judgments only.

Now the approval of the petitions by the county court was in no sense a final order or judgment. It was under the statute still discretionary with the county court to issue the licenses or not, since the petitions do not purport to be signed by two-thirds of the taxpaying citizens within the town and block where the dramshops were to be kept. ·R. S. 1889, sec. 4572. Nor had the court passed on the applicant's bond, the approval of which is a condition precedent to granting a license, and, until the court had finally disposed of the case, proceedings therein could not be removed by *certiorari* to the circuit or any other court either at common law or under any statute in this state. The

attempt at removal was premature and unwarranted, and the order contained therein to stop further proceedings was not an order lawfully issued by the circuit court within the purview of the statute on the subject of criminal contempt.

Whether the writ in a proper case will operate as a *supersedeas* without bond, is a question on which the authorities are not quite agreed. *Lynde v. Noble*, *supra.* That question must necessarily depend on the nature of the proceedings sought to be affected by the writ.

As a seeming conflict exists between what is said in the opinion of this court in *State v. Heege, supra*, and the opinion of the Kansas City Court of Appeals, in *State v. Cauthorn*, 40 Mo. App. 94, we deem it proper to add that in our opinon the decisions in this state go no further than to hold that the jurisdiction of inferior tribunals must appear by some part of the record of their proceedings. *Jefferson Co. v. Cowan*, 54 Mo. 234; *Zimmermann v. Snowden*, 88 Mo. 218, and that it is not essential that such jurisdiction should appear from any specified part of the record. Neither in the *Heege case* nor in the case at bar did the jurisdiction appear by any part of the record, and, as the licenses were vacated in the *Heege case*, so they might properly have been vacated in this, on the proper proceedings for that purpose.

It results from the foregoing that the judgment of the circuit court in fining the defendants for contempt was erroneous as a matter of law, and must be reversed. So ordered. All the judges concur.