STATE ex rel. COPE et al., Respondents, v. BEN-
NETT et al., Appellants.

### St. Louis Court of Appeals, March 31, 1903.

1. **Certiorari:** VERIFICATION OF PETITION. Where a writ of cer-
tiorari was issued to review the issuance of a liquor license for errors
appearing of record, in the absence of statutory requirements, the
petition need not be verified; and after return thereto has been made
it is immaterial whether the affidavit on which the writ was granted
was sufficient or insufficient, and the objection that one relator ad-
ministered the oath to his co-relators will be overruled.

2. **Bond:** CONDITION PRECEDENT. Revised Statutes of 1899 au-
thorizing the issuance of dramshop licenses, by county courts, pro-
vides that a bond shall be required of the person applying for such
license in the sum of two thousand dollars, to be approved by the
court conditioned as provided. *Held,* that the giving and approval
of such bond is a condition precedent to the authority of the court
to issue the license, and a license issued without the approval of
such bond is void.

Appeal from Dent Circuit Court.—*Hon. L. B. Wood-
side,* Judge.

AFFIRMED.

REYBURN, J.—The relators, the respondents in
this court, presented their petition at the relation of the
State of Missouri to the circuit court of Dent county,
praying that a writ of certiorari be issued requiring
appellants, who constituted the county court of Dent
county, commanding them to certify to the circuit court
the record of their proceedings by which a dramshop
license was granted to J. L. Chambers. The allegations
of the petition material to quote are that relators are
resident, assessed, taxpaying citizens of the city of
Salem, that the defendants compose the county court
of Dent county, and on the 14th day of August, 1902, a
proceeding was begun before such county court by J. L.
Chambers to obtain a license for a dramshop in block
10, west side of the creek in the city of Salem, a city of
less than two thousand inhabitants. That such county
court, on the 14th day of August, acted therein without

authority of law in that the petition of Chambers did not contain a majority both of assessed taxpaying citizens and guardians of minors owning property therein and in the block where the dramshop was to be kept as shown by the last previous annual assessment and vote of the city, nor did it so appear from the petition or any part of the record, that the county court, on the 14th day of August, 1902, granted Chambers such license and said license was by the clerk of the court, under the orders of the court, on the 20th day of August, 1902, issued and delivered to Chambers, under which he is selling intoxicating liquors without such court first approving a bond in the sum of $2,000 as required by section 2995, Revised Statutes 1899.

After the issuance and service of the writ, the defendants appeared and filed a motion to quash, averring that the petition was not signed and verified as the law directs, being signed by J. J. Cope as petitioner and verified by his co-petitioners before him as notary public. The motion was overruled and in opposition to the writ, defendants, as justices of the county court, made a return to the circuit court of the record and proceedings before them in the matter of the granting of the dramshop license in question, from which it appeared that the petition was filed August 20, 1902, and the license granted thereunder to Chambers for a period of six months from the 18th day of August, 1902. It further appears in the order of the county court granting the license that at the time the license was issued, no bond ·had been tendered or approved by the county court, but a bond is among the proceedings, bearing no date or file-marks, but indorsed as taken and approved the 18th day of August, 1902, by J. H. Sharp, clerk of the county court.

1.   As in this State no statutory provisions exist regulating proceedings for such writs, it must be assumed that the procedure is the same as at common law. State v. Schneider, 47 Mo. App. 669. In the absence of

statutory requirements, the petition need not be sworn to for errors appearing of record, and after return thereto had been made, it is immaterial whether the affidavit on which the certiorari was granted, was sufficient or insufficient. 2 Spelling, Injunction and Other Extraordinary Remedies (2 Ed.), p. 1725, sec. 1996. In granting or refusing such an extraordinary remedy, the court has a wide latitude of discretion, and where the writ has been issued in the absence of a showing to the contrary, it will be presumed that the court awarding it exercised a sound discretion in its issuance. State ex rel. etc., v. Moore, 84 Mo. App. 11; 2 Spelling, Injunction and Other Extraordinary Remedies (2 Ed.), p. 1646, sec. 1906. The objection presented that J. J. Cope, appearing as relator, administered the oath to the application for the writ to his co-relators and therefore the writ should not have issued, will therefore be overruled.

2. By section 2995 of chapter 22, Revised Statutes 1899, governing dramshops and kindred subjects, before a license as a dramshop-keeper is permitted to be granted, the county court is directed to require of the person applying for such license, that he give bond in the sum of $2,000, with two or more resident sureties to be approved by the court, conditioned as provided. The language of the statute is clear, explicit and unequivocal, and before the court had lawful authority to issue the license applied for, the terms under which it is to be granted must be complied with, and as a condition precedent to the issuance of the license, the applicant's bond must be executed and approved by the court itself (State v. Schneider, 47 Mo. App. 669), and such facts should have affirmatively appeared in the record of the proceedings. The provisions of the statute are mandatory and not directory, and a substantial compliance with the requirements of the law is exacted to render valid the granting of the license. State v. Schneider, supra; State v. Heege, 37 Mo. App. 338. It follows, therefore,

that the order of the county court granting J. L. Chambers a license was without warrant of law, illegal and void and the judgment of the circuit court annulling the order of the county court in granting such license and revoking such license, is hereby affirmed. *Bland, P. J.,* and *Goode, J.,* concur.