C. RUNCIE CLEMENTS *et al. v.* A. H. ROBERTS, Governor, *et al.*

(*Nashville.   December Term, 1920.*)

1. **Courts.**   Case involving validity of joint resolution of legislature held within jurisdiction of supreme Court.

Under Acts 1907, chapter 82, creating the court of civil appeals and reserving to the supreme court jurisdiction of cases involving the constitutionality of a State statute, a suit to enjoin the Governor and other State officers from certifying the adoption and ratification of a proposed amendment to the federal Constitution, on ground that the joint resolution ratifying it was contrary to the State Constitution, was within the jurisdiction of the supreme court and not of the court of civil appeals, in view of Constitution, article 3, section 18, recognizing the power of the legislature to pass joint resolutions. (*Post, pp. 153-155.*)

Acts cited and construed:  Acts 1907, ch. 82.

Constitution cited and construed:  Art. 3, sec. 18;  Art. 2, sec. 32.

2. **CONSTITUTIONAL LAW.** Jurisdiction of supreme court cannot be interfered with by other branches of State Government.

The supreme court takes its rank from the Constitution, and it and its jurisdiction cannot be interfered with by the other branches of the government. (*Post, pp. 155-158.*)

Cases cited and approved:  Miller v. Conlee, 37 Tenn., 432;  Dodds v. Duncan, 80 Tenn., 731;  State v. Gannaway. 84 Tenn., 124; Chestnut v. McBride, 65 Tenn., 95;  Neuman v. Scott County Justices 48 Tenn., 787;   Ward v. Thomas, 42 Tenn., 565;   Hundhausen v. Marine Fire Ins. Co., 52 Tenn., 704;  McElwee v. McElwee, 97 Tenn., 657;  Chattanooga v. Keith, 115 Tenn., 589.

Cases cited and distinguished:  Railroad v. Byrne, 119 Tenn., 320; Campbell County v. Wright, 127 Tenn., 6.

### FROM DAVIDSON.

On Petition for Rehearing.   Petition denied.

E. J. SMITH, THOS. H. MALONE, NORMAN FARRELL and THOS. G. WATKLNS, for complainants.

FRANK M. THOMPSON, Attorney General, for defendants.

MR. JUSTICE HALL delivered the opinion of the Court.

This cause is now before us on complainants' petition to rehear.

It is insisted by complainants that this court was without jurisdiction to hear and determine the cause; that the jurisdiction is in the court of civil appeals.  This insistence is based on the fact that the cause is not either a contested election suit, an ejectment suit, or an equity suit seeking a money decree for more than one thousand dollars.  Neither is it a suit involving State revenue, or the constitutionality of a State statute; that by the statute creating the court of civil appeals (chapter 82, Acts of 1907) that court is expressly given jurisdiction of all cases other than those above noted, and in all cases in which appellate jurisdiction is conferred upon the court of civil appeals by said act, appeals and appeals in the nature of writs of error from the lower court shall be taken directly to said court; and said court, or any

judge, is vested with exclusive power to award and issue writs of error, *certiorari* and *supersedeas* in such cases, returnable to said court of civil appeals.

The very gravamen of complainants' bill is that the legislature violated article 2, section 32, of our State Constitution in passing said joint resolution ratifying the Nineteenth Amendment to the constitution of the United States. This was the predicate of complainants' bill, and was the ground, on which complainants sought an injunction restraining the governor and his codefendants from certifying the action of the legislature on said joint resolution to the secretary of State of the United States. The question presented, then, is: Does this court have jurisdiction of all cases involving constitutional questions, or only those involving the constitutionality of a State statute?

The State constitution expressly recognizes the power of the legislature to pass joint resolutions. By section 18 of article 3 of our constitution it is provided as follows:

"Every joint resolution or order (except on questions of adjournment) shall likewise be presented to the governor for his signature, and before it shall take effect shall receive his signature, and on being disapproved by him shall, in like manner, be returned with his objections; and the same, before it shall take effect, shall be repressed by a majority of all the members elected to both houses, in the manner and according to the rules prescribed in case of a bill."

It will thus be seen that the State constitution prescribes the manner in which joint resolutions must be

passed and dealt with by the legislature and governor. While it is true that the statute creating the court of civil appeals only expressly reserves to this court exclusive appellate jurisdiction of cases involving the constitutionality of State statutes, we do not think the legislature intended to deprive this court of its appellate jurisdiction of any case involving a constitutional question, and that this is true, regardless of whether such question involves the validity of a statute or a joint resolution passed by the legislature, and that no such construction should be given chapter 82, Acts of 1907. We think it was the intention of the legislature to withhold jurisdiction of all constitutional questions from the court of civil appeals. That court is not a constitutional court, but is a creature of statute only; while the supreme court was created and established by the constitution and vested with its jurisdiction, and is the highest judicial tribunal in the State.

As was said in *Railroad* v. *Byrne,* 119 Tenn., 320, 104 S. W., 460, it takes its rank from the constitution, and it and its jurisdiction cannot be interfered with by the other branches of the government. Its adjudications are final and conclusive upon all questions determined by it, save those reserved to the federal courts, which may be reviewed by the supreme court of the United States. *Miller* v. *Conlee,* 5 Sneed, 432; *Dodds* v. *Duncan,* 12 Lea, 731; *State* v. *Gannaway,* 16 Lea, 124.

In *Railroad* v. *Byrne, supra,* this court, speaking through Mr. Justice SHEILDS, said:

"The establishment of the court (supreme court) and vesting it with appellate jurisdiction only is an implied

declaration that it shall possess some revisory jurisdiction
and powers, and that some right of appeal to it must exist.
This inviolable jurisdiction, and the right to invoke it,
undoubtedly extends to cases involving questions of law
of great public importance; but no definite statement of
it can be outlined, and each case must. be determined with
regard to the questions involved as it arises. The general
assembly may, by the establishment of courts of interme-
diate appellate jurisdiction or other appropriate legislation,
limit and restrict the right of litigants to resort to it, and
regulate the mode of doing so, but not so as to unreasonably
interfere with or embarrass its ultimate revisory powers;
and it is always for this court to decide when its con-
stitutional jurisdiction is encroached upon. It has exer-
cised this power since it was first established. *Miller* v.
*Conlee, supria; State* v. *Bank, supra; Chestnut* v. *McBride,*
6 Baxt., 95; *Newman* v. *Scott County Justices,* 1 Heisk.,
787; *Ward* v. *Thomas,* 2 Cold., 565; *Hundhausen* v. *Marine
Fire Insurance Co.,* 5 Heisk., 704; *McElwee* v. *McElwee,*
97 Tenn., 657, 37 S. W., 560; *Chattanooga* v. *Keith,* 115
Tenn., 589, 94 S. W., 62."

In that case the court further said : "The right of direct
resort to this court by appeal, appeal in nature of a writ of
error, and writ of error to review judgments of trial courts
was provided for by appropriate legislation when it was
first established; and, notwithstanding many attempts
have been made to limit and restrict this right, it has never
been done, unless it is by the act of 1907 amending that
creating the court of chancery appeals. The statutes
establishing the court of referees, the arbitration court,
and the court of chancery appeals, all courts of interme-

diate appellate jurisdiction, did not limit this right. Those courts had no direct revisory jurisdiction. All proceedings in error were taken directly to this court in the usual way, and it assigned such cases as it deemed proper to those for decision.

"These are matters that must be taken into consideration in construing and passing upon the validity and effect of all statutes which in any manner affect the jurisdiction of this court and the right to invoke it, under the well-settled rules that all statutes must be construed in connection with all others constituting the system of which they are a part, and that those which limit the jurisdiction of an established court, or confer it upon another court, are to be construed strictly, so as not to interfere with the exercise of that jurisdiction by the former court, unless the legislative intent that that be done affirmatively appears."

In *Campbell County* v. *Wright*, 127., Tenn., 6, 151 S. W., 412, this court said: "Under section 7 of chapter 82 of the Acts of 1907, *supra*, it is clear that the jurisdiction of constitutional questions is withheld from the court of civil appeals. It is true that this particular subject is not repeated in the sentence of that section which confers jurisdiction upon the court of civil appeals of cases coming from the circuit courts of the State; but there could have been no reason why that court was denied jurisdiction of this class of subjects in cases coming from the chancery court, if it was to exercise such jurisdiction in cases appealed to it from the circuit court. We are of the opinion that, under a true construction of section 7, it was intented by the legislature to withhold entirely from the court of civil

appeals jurisdiction of constitutional questions. *Railroad v. Byrne,* 119 Tenn., 278, 325-329, 104 S. W., 460."

The other questions presented by the petition to rehear were fully considered and determined in this court's written opinion filed on a previous day of the present term, and we are satisfied with the conclusions reached.

The petition to rehear is denied.