*J. C. Hall,* for plaintiff in error.

*W. J. Cochran,* for defendant.

---

# BUCKLEY *v.* THE STATE.

An indictment is good, which substantially follows the language of the statute, defining the offence.

Not necessary that the indictment should charge the offence in the very language of the statute, if words of the same import and equally comprehensive are used.

The name of the person, to whom counterfeit money was passed, should be set forth with certainty in the indictment, unless the name is unknown, and if so, that fact should be stated.

While unmeaning forms should not be enforced, clearness and certainty should be required in pleadings.

## *Error to Louisa District Court.*

*Opinion by* GREENE. J.   This was an indictment for passing counterfeit money.   The indictment charges that

Buckley *v.* The State.

Sylvanus Buckley of &c., on &c., had in his possession in &c., seven pieces of false money and coin forged and counterfeited to the likeness and similitude of the good and legal money and coin within this state, made current by the law and usage thereof, called half dollars, and that the said Sylvanus Buckley·the aforesaid pieces of false, forged and counterfeit coin then and there did pass, utter, and tender in payment as good, with intent, one Italian M. Myler then and there to injure and defraud; the said Sylvanus Buckley then and there well knowing the aforesaid pieces of coin to be false, forged·and counterfeit, &c.

The question coming up on demurrer in the court below, the indictment was pronounced good and sufficient in law, and the demurrer overruled. The correctness of this ruling is now controverted.

It having been repeatedly decided by this court, that an indictment is good, which substantially follows the language of the statute defining the offence, we have but to inquire whether the one at bar can be supported under that test.

The clause of the statute upon which this prosecution appears to have been commenced, provides that "if any person shall counterfeit any of the coins of gold, silver or copper currently passing in this territory, or shall alter, or put off counterfeit coin or coins, knowing them to be such, &c. Every person so offending, upon conviction thereof, shall be fined," &c.

It is objected to the indictment, that the words used as descriptive of the offence, are not the same as those used in the statute. It is true, that it does not contain the words "put off," but words of the same legal import and equally comprehensive are used. The words "pass and utter" are substantially the same, they include the words "put off," and are even more significant of the offence charged. We regard the indictment in that particular, as a substantial compliance with the statute. And the *scienter* which is also objected to, is charged in sufficiently explicit terms.

But an objection is urged to the indictment of a more

serious character. It does not in express terms, allege that the counterfeit money was passed or uttered to any particular person, though it contains language that might justify the inference, that the money was passed upon Italian M. Myler, still as it does not expressly charge to that effect, it leaves room for doubt. The name of the person to whom counterfeit money was passed, should be set forth in the indictment with certainty, unless the name of such person is unknown, and if so, that fact should be stated. The name of such third person, should be designated as the one, upon whom the offence was committed, not only because he is injured, but because his designation is material as descriptive of the offence. *Butler* v. *The State,* 5 Blackf. 280.

In relation to the necessity of setting forth the names of third persons in an indictment, see 1 Chitty's C. L. 211; *Davis* v. *The State,* 7 Hammond 204.

This defect being material in describing the offence, we cannot regard it as within the meaning of the statute, which declares that "no indictment shall be quashed if an indictable offence is *clearly* charged therein." *Rev. Stat.,* 153, §46. There is a want of clearness, a degree of ambiguity in that part of the indictment, which renders it inapplicable to the saving clause in the statute. It may as well be observed, however, that the defect complained of in this case, would not prove availing after verdict, if not previously raised by demurrer or on motion to quash.

Although mere nicety and unmeaning forms should not be encouraged in pleadings, especially in criminal proceedings, where public security mainly depends upon the prompt administration of justice, still carelessness, resulting in uncertainty and ambiguity, cannot safely be overlooked by courts of justice. Incalculable mischief must necessarily result to parties, uncertainty and disgrace in legal proceedings, unless pleadings are framed with substantial clearness and certainty.

Judgment reversed.

*D. Rorer,* for plaintiff in error.