Jack Robertson v. The State.

Errors which go to the sufficiency of the indictment may be reached by motion to quash or in arrest of judgment.

Article 523 of the Penal Code thus defines rape: "Rape is the carnal knowledge of a woman without her consent, obtained by force, threats, or fraud; or the carnal knowledge of a female under the age of ten years, with or without consent, and with or without the use of force, threats, or fraud." (Paschal's Dig., Art. 2184.) In describing the offense the word "*female*" is as properly used as "*woman*," since, in their ordinary use and in the definition of the offense, they mean the same thing, (Paschal's Dig., Art. 1630.)

A charge that the defendant unlawfully assaulted L. R. with intent to ravish her describes a felony. (Paschal's Dig., Art. 2185, 2191.)

Appeal from Gonzales. The case was tried before Hon. Wesley Ogden, one of the district judges.

The defendant was indicted and convicted of an assault with intent to commit a rape, and sentenced to five years' imprisonment in the penitentiary. He moved for a new trial, but there is no statement of facts. He also moved in arrest of judgment, upon grounds set forth in the opinion. The language of the indictment was in the usual form, describing dates, &c., and proceeded: "In and upon

one Leonora Russell, a female, in the peace of God and the state then and there being, did unlawfully make an assault, and her the said Leonora Russell then and there did beat, wound, and ill-treat, with intent her the said Leonora Russell violently and against her will, and without her consent, then and there feloniously to ravish and carnally know," &c.

*Stewart & Sayers*, for appellant.—I. The indictment charges the defendant with assault with intent to commit rape upon Leonora Russell, a female.

The statute defining the crime of assault with intent to commit rape uses the word woman, and not the word female. (Paschal's Dig., Art. 2156.)

The offense should have been described in the language of the statute. (Francis v. The State, 21 Tex., 280.)

II. The indictment is not good on account of duplicity. (The State v. Dorsett, 21 Tex., 656.)

III. The word felonious, as used in the indictment, cannot by any construction be made to refer to the intent, which is indispensable. It is true that the word felonious is inserted in the indictment, but not in the proper place. (Cain v. The State, 18 Tex., 387.)

*John W. Harris*, for the State.

LINDSAY, J.—This appeal was taken by the appellant from a judgment and sentence against him in the district court of Gonzales county, upon an indictment for an attempt to commit a rape upon Leonora Russell, a female.

It is contended that the indictment upon which the conviction was had is defective and insufficient. The special errors assigned are: 1st. That the court erred in overruling the motion in arrest of the judgment. 2d. That the indictment did not charge that the attempt was made upon a woman. And 3d. That the indictment charges no felonious intent. All the errors assigned are predicated upon

the idea of the insufficiency of the indictment; which, if true, would be equally available in a motion to quash or in arrest of judgment.   The latter course was adopted, and we are now simply called upon to test the sufficiency of the indictment by the law.   The indictment charges, in due form, we think, that the appellant made an "assault upon a female, with intent feloniously to ravish and carnally know her, against her will and consent."   These facts, thus stated, make up the very definition of rape.

This is a statement of the facts, which is the essence of all pleading, and from which all legal deductions are made. But it is objected to the indictment that the word female is used in the indictment, while the statute uses the word woman in denouncing attempts to commit the offense of rape.   The Criminal Code, (Paschal's Dig., Art. 1630, p. 398,) directs that all words are to be construed in the sense in which they are understood in common language, taking into consideration the context and subject-matter relative to which they are employed.   In common parlance there can be no misunderstanding of the term female, for it is rarely, if ever, used, except by very prudish persons, in reference to the sex of any other portion of the animal creation than the human species.   The English language is sufficiently copious and fertile to furnish distinctive designations of the sexes of the rest of animated nature without recourse to this generic distinction.   In common language they are usually characterized as a mare, a cow, a ewe, a sow, &c., and no one is apt to infer, when the term female is used, that anything else is referred to than a woman.   Besides, in article 2184 of the Criminal Code, (Paschal's Dig., p. 446,) the word female is the term used in the definition of rape.   Hence, it is obvious in legal contemplation, under our criminal system, that the terms woman and female are convertible.   So, as well in common language as in law, there could be no misunderstanding of the term "female" in the indictment.

The last assignment of error is equally untenable.　The charge is, that the accused did unlawfully assault the female with intent feloniously to ravish her.　The mere unlawful assault would not have been a felony; but coupled with the intent charged it thereby became felonious.　We see no valid reason for interfering with the judgment and sentence of the court below.　It is therefore

AFFIRMED.