----o----

STATE of MISSOURI, Respondent, *vs.* WILLIAM WARE, Appellant.

1. *Practice, criminal—Indictment—Grand larceny—Ownership, how alleged.*—In an indictment for grand larceny, in alleging ownership of the property stolen it is not necessary to use the exact words of the statute, if words of equivalent import are employed; as, goods and chattels of one B., instead of "belonging to" B. (Wagn. Stat., 456, § 25.)

2. *Evidence—Statements—Res gestæ.*—Several armed men concealed themselves in the woods near where a horse was tied. The defendant came there on horseback, when a gun was leveled at him, and he was told to dismount and surrender himself. He did so, and said if they would wait he would tell everything. He did so, and afterwards all parties dispersed and went home. *Held,* that the statement was voluntary and was admissible in evidence as part of the *res gestæ.* But a statement, made that day to a neighbor, who invited him to stay all night with him, that he could not stay, because he had been using a mare which did not belong to him without permission; that he had

| | |
|---|---|
| 62 | 597 |
| 44a | 83 |
| 62 | 597 |
| 45a | 412 |
| 62 | 597 |
| 108 | 614 |
| 61 | 597 |
| 55a | 335 |
| 62 | 597 |
| 136 | 31 |
| 62 | 597 |
| 138 | 138 |
| 62 | 597 |
| 147 | 19 |
| 62 | 597 |
| 152 | 132 |
| 62 | 597 |
| .70 | ⁸ 15 |
| .74 | ³524 |
| ι74 | ³588 |

tied her in the woods and must go and take her where he got her, and turn her loose there, is not a part of the *res gestœ*, and is not admissible.

3. *Crimes—Larceny—Intent.*—To constitute larceny the intention to steal must have been formed at the time of the taking.

4. *Practice, criminal—Trial—Instruction—Good character—Evidence.*—An instruction in a criminal case, that evidence of good character in connection with slight evidence, ought not to be permitted to overcome strong and positive evidence to the contrary, is not liable to the objection that it assumes the evidence outside of defendant's character to be slight.

5. *Practice, criminal—Trial—Instruction on questions not presented.*—In a criminal case an instruction should not be given where there is no evidence relating to the propositions therein contained.

*Appeal from Livingston County Circuit Court.*

*Collier, Dixon & Dixon,* for Appellant.

I. The declarations of Ware to Francis and others were improperly admitted in evidence, because they were extorted by fear, and made under circumstances calculated to produce fright and terror in said Ware. (State vs. Brockman, 46 Mo., 566, and authorities cited.)

II. The court erred in refusing to allow appellant to prove the statement as made by him to Coy and Carpenter on the 1st day of June, 1875, relating to the possession of the mare in question, showing where he caught her, and for what purpose, and that he made no attempt to conceal the fact that he had that day taken her on the prairie. (3 Greenl. Ev., § 157.)

III. The instruction, concerning the county where the mare was taken, or to which it was brought, is objectionable, because there was no evidence on the subject, and the indictment was not framed to cover such a proposition. (Wagn. Stat., 1089, § 19.)

IV. If the original taking was without any felonious intent, appellant was guilty of a trespass only. (State vs. Conway, 18 Mo., 321; State vs. Sherman, 55 Mo., 83.)

V. The indictment is insufficient. It charges appellant with stealing "one bay mare, of the goods and chattels of one Alfred Mennich," when, by the statute in such cases, the

mare ought to have been designated in the indictment as "belonging to" the said Alfred Mennich. The words "belonging to" imply an owner, and the words "goods and chattels" do not.

VI. The whole testimony in the case fails to show that any offense beyond a mere trespass was committed at all. (3 Greenl. Ev...§ 161; 2 Bish Crim. Law., §§ 863, 755.)

*Jno. A. Hockaday, Att'y Gen'l,* for Respondent.

I. The confessions of the defendant were properly admitted to go before the jury. They were entirely voluntary. (Hawkins vs. State, 7 Mo., 190.)

II. The statements of the accused to third parties as to how he came in possession of the stolen property, were clearly inadmissible. A party cannot make statements exonerating himself from guilt, and introduce the same before a jury as evidence of his innocence. The statements sought to be proved were no part of the confession, and constituted no part of the *res gestœ,* and were therefore inadmissible. (19 Mo., 365.)

III. The indictment is good. The omission of the words "belonging to" is supplied by the use of other language meaning the same thing. (25 Mo., 426; 48 Mo., 93; 15 Mo., 515; Whart Am. Crim. Law, §§ 402, 1811.)

WAGNER, Judge, delivered the opinion of the court.

The defendant was indicted and convicted of grand larceny for stealing a mare, and sentenced to the penitentiary for two years. The questions raised in this court are; the validity of the indictment; the action of the court below in admitting and excluding testimony; the giving and refusing instructions; and the overruling of defendant's motion for a new trial.

The indictment charges defendant that " one bay mare of the value of one hundred dollars, of the goods and chattels of one Alfred Minnick, then and there being found, felon-

iously did steal, take and carry away," etc. The statute defines grand larceny to be the felonious stealing, taking and carrying away of the money, goods and personal property, belonging to another. (Wagn. Stat., 456, § 25.) The pleader in the indictment here charges, that the mare was the property of Minnick, instead of alleging, in the precise language of the statute, that she belonged to him. But this will not vitiate the indictment, as a statutory offense is substantially charged. The exact words of the statute are not used, but words of equivalent import are employed, and that is all that is necessary.

It appears that the mare, charged to have been stolen, was found tied in the woods some distance from the road, and some men went armed to the vicinity of the place and concealed themselves, and waited to see who would come and get her. In a short time the defendant approached, riding another horse, and a gun was levelled upon him, and he was ordered to dismount and surrender himself. This he did willingly, and told the men, if they would wait, he would tell them all about the affair. He then stated, that he had been walking, hunting his own horses, and becoming tired, he had found the mare running on the range and caught and rode her; that afterwards, fearing that his riding her without authority might create suspicion, he had tied her up and determined to wait till late in the evening, and then get her, and turn her loose where he found her. His counsel objected to this statement being given in evidence, because it was not voluntary, but the court overruled the objection. There is nothing in the record to show that it was not purely and wholly voluntary. No threats were made against the defendant whatever; no inducements of any kind were held out to him, nor had any of the persons present any authority. They did not arrest or detain him, or exercise any coercion over him; they separated and went to their homes, and he was permitted to do the same thing. What he said, he said of his own free will and accord, and there is

nothing in this evidence which brings it within the rule prohibiting the admission of involuntary confessions.

The defendant offered to prove that on the same day, whilst riding along the road, he was invited by a neighbor and acquaintance to stop and stay all night with him, and he refused, and told him as a reason for his refusal, that he had been using a mare, that did not belong to him, without permission, and that he had tied her out in the woods to avoid suspicion, and that he must go and take her back and turn her out where he first found her. This evidence was ruled out, and its exclusion is relied on as error. A party cannot manufacture evidence for himself, or give his own declarations in his favor, when they are disconnected with the transaction which they are seeking to explain. Declarations may be received as part of the *res gestæ* when they are made contemporaneously with, and illustrative of, the fact about which they are spoken.

It is upon this principle, that the declarations and statements, made by the defendant to the persons who were present when he came to where the mare was hitched, were admissible in evidence, either for or against him.

They related to the subject matter, concerning which they were made, when it was actually present and in view of them all. But the testimony that the defendant offered was of a totally different character. It was not connected with the possession of the mare, and there was nothing to show that he had ever had her in his possession, except his mere conversation when she was at a distance. It could not, therefore, be construed into a part of the *res gestæ*, and was properly rejected.

Several objections are made in reference to the giving and refusing of instructions, all of which it will be unnecessary to notice. It is contended, that error was committed in refusing defendant's second instruction, which declared that: "To find the defendant guilty under the indictment, the jury must believe from the evidence that the defendant, at the time he

caught said mare, took her with the felonious intent to convert her permanently to his use."

This instruction was unquestionably the law, and should have been given.

To constitute larceny, the intention to steal must have been formed at the time of the taking. (State vs. Shermer, 55 Mo., 83, and cases cited.) It is true, that the next instruction given by the court partially rectified the error in refusing the second instruction, though it is not characterized with that specific clearness which marked the former, which was undoubtedly the law. The instruction given for the State, respecting the proof of good character, is not liable to the objections that have been made against it. Counsel have erroneously argued, that it assumes that the evidence outside of defendant's character was slight; but this is a mistake; it assumes nothing; it only tells the jury that evidence of good character in connection with slight evidence ought not to be permitted to overcome strong and positive evidence to the contrary.

But the court afterwards tells the jury, that they are the judges of the evidence, and its weight belongs exclusively to them. Besides, in reference to the proof of good character the court gave an instruction for the prisoner exceedingly favorable. On the part of the State, the court gave an instruction, " that, although the jury may believe the mare was originally taken in Daviess county, yet, if they further believe, that, with the intent to steal and convert the mare to his own use, the defendant brought her into this, Livingston, county, they will find him guilty." When property is stolen in one county and brought into another, the statute permits the offender to be indicted, tried and convicted, in the county in which the property is brought. (Wagn. Stat., 1089, § 19.)

But the objection to the instruction is, that there was no evidence which justified its being given. It was not shown on the part of the State, that the mare was taken in Daviess county, and brought into Livingston county. No effort was made to prove a venue in either county.

State v. Ware.

The witnesses testified to the mare being on the prairie in the bottom, and finding her near a creek, but in what county or State is all left blank.

It, therefore, becomes of no moment to consider the motion for a new trial founded upon newly discovered testimony.

The judgment should be reversed and the cause remanded. All the judges concur, except Judge Vories, who is absent.

MAY TERM, 1876, ST. JOSEPH, CONTINUED IN VOL. LXIII.