ISAAC WHITMAN, PLAINTIFF IN ERROR, v. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1. **Indictment.** In charging the commission of an offense in an indictment, it is not necessary that the exact words of the statute be used, provided the words employed are the equivalents in meaning of those contained in the statute.

2. ——: CHARGING SHOOTING WITH INTENT TO KILL. In an indictment under section 16 of the code for shooting with intent to kill the word "maliciously" was omitted, but it was alleged that the act was "unlawfully, willfully, purposely, and feloniously" done. *Held,* That these words included the full signification of the word "maliciously," and that verdict would not be set aside in the indictment quashed as not stating an offense.

ERROR to the district court for Saunders county. Tried below before POST, J.

*S. H. Sornberger* and *N. H. Bell*, for plaintiff in error.

*William Leese, Attorney General* (*William Marshall* with him), for the state.

MAXWELL, J.

The plaintiff was indicted for shooting one William S. Wilson with intent to kill him, and was convicted and sentenced to imprisonment in the penitentiary for three years. He now claims that the indictment fails to charge an offense by reason of the omission of the word "maliciously."

Section 16 of the criminal code under which the plaintiff was convicted is as follows: "If any person shall maliciously shoot, stab, cut, or shoot at any other person with intent to kill, wound, or maim such person, every person so offending shall be imprisoned in the penitentiary not more than twenty years nor less than one year."

The first count of the indictment under which the plaintiff was convicted is as follows: " At the May term of the district court, of the fourth judicial district of the state of Nebraska, within and for Saunders county in said state, in the year of our Lord one thousand eight hundred and eighty-four, the grand jurors chosen, selected, and sworn in and for the county of Saunders, in the name and by the authority of the state of Nebraska, upon their oaths present, that Isaac Whitman, late of the county aforesaid, on the fourteenth day of December, in the year of our Lord one thousand eight hundred and eighty-three, in the county of Saunders and state of Nebraska aforesaid, with a certain pistol, commonly called a revolver, then and there loaded with gunpowder and one leaden ball, which said

pistol he, the said Isaac Whitman, in his right hand then and there had and held, one William S. Wilson did unlawfully, willfully, purposely, and feloniously shoot with intent then and there and thereby him, the said William S. Wilson, to kill, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state of Nebraska."

The plaintiff's attorneys concede that it is not necessary that the exact language of the statute be used in every instance, provided the words employed are the equivalents in meaning of those contained in the statute. 1 Bish. Cr. Pro., § 612. The words used, however, must include the full significations of the statutory words. 1 Bish. Cr. Pro., § 612. *Tully v. People*, 67 N. Y., 15. *State v. Robbins*, 66 Me., 324. *State v. Drake*, 64 N. C.; 589. *State v. Boyle*, 28 Iowa, 522. *Com. v. Parker*, 117 Mass., 112. *Jones v. State*, 51 Miss., 718. *State v. Ware*, 62 Mo., 597. *Rex v. Ellsworth*, 2 East P. C., 986. *Robertson v. State*, 31 Tex., 36. *Francis v. State*, 21 Id., 280. *State v. Bullock* 13 Ala., 413. *Buckley v. State*, 2 Greene, 162. *People v. Thompson*, 4 Cal., 238.

The question for determination is, whether or not the words " unlawfully, willfully, purposely, and feloniously " include in the meaning the full signification of the word " maliciously."

Bouvier defines malice to be " The doing a wrongful act intentionally, without just cause or excuse." 2 Law Dict. (14th Ed.), 91. Webster gives the law definition as follows: "With wicked or mischievous intentions or motives ; " and the word " maliciously " as meaning " in a malicious manner; with malice, enmity, or ill will." He defines felonious as follows : " Having the quality of felony; malignant, malicious, villainous, traitorous, perfidious ; indicating or proceeding from a depraved heart or evil purpose, as felonious homicide, felonious thief." The meaning of " purposely " as given by Webster is "by purpose or

design; intentionally; with premeditation;" and the same authority defines "unlawfully" as "in an unlawful manner; in violation of law and right; illegally." "Willfully" he defines as follows: "In a willful manner; obstinately; stubbornly; by design; with set purpose." It will be seen that the words employed in the indictment include the full signification of the word "maliciously," and are more than equivalents in meaning of the words of the statute, as when the statute declared it a felony to make fraudulently any coin in "imitation" of the current coin, etc. An indictment which charged the defendant with fraudulently making coin of the "likeness" and "similitude" of the current coin was held sufficient. *Peek v. State*, 2 Hump., 78. *State v. Brill*, 2 Brev., 262. *Skains v. State*, 21 Ala., 218. Bish. Cr. Pro., § 612. The better course is to use the language of the statute in charging an offense in an indictment so that the necessary facts constituting the charge may be precisely set forth, but when the words used include the offense charged, the verdict will not be set aside upon the ground that the indictment fails to charge an offense. In the case under consideration there is certainly sufficient set forth to charge that the shooting with intent to kill was done maliciously. There is no error in the record and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.