[No. 1783.]

John Gibson v. The State.

1. Assault to Rape — Term Defined. — Indictment in this case, charging an assault to commit rape, describes the assaulted party merely as a " female," and alleges that the assault was made without her consent and against her will. · It was objected to because it failed to charge that the assaulted party was either a " woman " or a " female under the age of ten years." In substance, the accused insisted that the indictment, to have been sufficient, should have described the assaulted party as a " woman," or, in contradistinction thereto, that she was " a female under the age of ten years." *Held* that, though the indictment is wholly insufficient to charge an assault to rape a female under the age of ten years, yet, when used with reference to a human being, the word " female " is synonymous and interchangeable with, equivalent to, and means " a woman; " wherefore the objection was not well taken.

2. Same. — An indictment for assault with intent to rape, after laying time and place, charged that the accused, " with force, threats and fraud, in and upon one Mary Johnson, *alias* Mary Gibson, a female then and there being, unlawfully and feloniously an assault did make with the unlawful and felonious intent, then and there of him, the said John Gibson, *without the consent and against the will of* her, the said Mary Johnson, *alias* Mary Gibson, to carnally know and to ravish," etc. *Held*, that the indictment is good. The words "*without the consent and against the will of*," are surplusage, and the remaining allegations sufficiently charge the offense. See the opinion on the question.

3. Same. — The word " ravish," which is indispensable in an indictment for rape or assault with intent to rape, means all that is necessary to charge the offense, and imports not only violence on the part of the man, but resistance and want of consent on the part of the woman, and if that word is used in an indictment for rape or assault to rape, it is but repetition and surplusage to allege that the defendant carnally knew or attempted to know the woman forcibly and against her will.

Appeal from the District Court of Cherokee. Tried below before the Hon. J. J. Perkins.

The conviction was for an assault with intent to rape one Mary Johnson, *alias* Mary Gibson, in Cherokee county, Texas, on the 1st day of September, 1884. The punishment assessed against the appellant was a term of four years in the State penitentiary.

The transcript brings up no statement of facts. The motion in arrest of judgment insisted that the indictment was not sufficient to support a legal judgment; that it was vague, indefinite, uncertain and insufficient to charge an assault to rape, and that it did not charge upon whom or what person the defendant committed an assault with intent to ravish. The motion for new trial denounced the verdict as unsupported by law or evidence.

*M. J. Whitman* and *McClure & Gibson,* for the appellant. Appellant in this case was indicted, tried and convicted on the charge of an assault with intent to rape one Mary Johnson, *alias* Mary Gibson, and the defendant in prosecuting his appeal does so solely on the question of the sufficiency of the indictment, believing it to be so fatally defective that if he had any other causes of complaint he does not here present them.

Testing the sufficiency of the indictment, appellant submits:

1st. The indictment must be positive and direct in its charge, leaving nothing for inference or implication.

2d. In cases of this character the indictment should allege, in direct and affirmative language, that it was the intent then and there of the defendant, at the time of making the assault, to rape some particular person.

3d. In this case the indictment fails to charge whom the appellant intended to ravish, if any person. It is true the allegation is there that the assault was made without the consent of said Mary Johnson, *alias* Mary Gibson, and that he intended to rape some person or thing without her consent; but who or what was it the defendant intended to rape? The indictment is silent; whether it was Mary herself or some other person there is no allegation to enlighten us.

4th. Should the court hold the above is not well taken, then we further submit the indictment is defective in another respect. It fails to charge that Mary Johnson, *alias* Mary Gibson, was a woman or a female under the age of ten years. The allegation of her being a "female" is too general and not sufficient. What kind of a female was she? The word is not equivalent to, neither has it the same meaning as, "woman," or as a "female under the age of ten years," in the connection used in the statute defining the offense of rape.

For these reasons we respectfully submit that the learned judge in the court below erred in overruling defendant's motion in arrest of judgment. Believing the indictment so fatally defective that the case should be reversed and dismissed, let another indictment be presented, and if the defendant must go to the penitentiary, let it be done according to law.

*J. H. Burts*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. Two objections are urged to the validity of the indictment, the charging part of which is as follows: "The said John Gibson, being then and there an adult male over the age of fourteen years, with force, threats and fraud, in and upon one Mary Johnson, *alias* Mary Gibson, a female then and there being, unlawfully and feloniously an assault did make with the unlawful and felonious intent, then and there, of him, the said John Gibson, *without the consent and against the will of* her, the said Mary Johnson, *alias* Mary Gibson, to carnally know and to ravish; against the peace and dignity of the State." The objections are, first, "It fails to charge that Mary Johnson, *alias* Mary Gibson, is a woman or a female under the age of ten years." Second, "It does not charge upon whom or what person defendant intended to commit any assault with intent to ravish, or whom he intended to ravish."

By our statute rape is made to consist in "the carnal knowledge of *a woman* without her consent," etc., "or the carnal knowledge of *a female under the age of ten years,*" etc. (Penal Code, art. 528.) And in an assault with intent to commit rape the party to be assailed is by statute denominated "*a woman.*" (Penal Code, art. 503.) Now, as we understand appellant's first objection, his proposition is that in charging a rape or assault with intent to rape it is essentially necessary to designate the assaulted party in the statutory words or manner as "*a woman,*" unless she is under ten years of age, in which case the statute designates or denominates her as "a female" in contradistinction to the word "woman;" and that the charge in this indictment, that Mary Gibson was "a female," is insufficient either to charge that the assault was upon "a woman" or upon "a female," because in the latter case it should have gone farther and alleged that the assault was upon "a female under ten years."

There is no doubt but that the allegation would be wholly insufficient to charge an assault upon a female under the age of ten years, because in such a case the age is an essential allegation to notify the

defendant that ho would be tried for an offense of which he could be convicted without proving either force, fraud, threats or want of consent; for neither of these are required to be alleged or proven when the offense is upon a female under ten years of age. (Penal Code, art. 528; *Mayo* v. *The State*, 7 Texas Ct. App., 342; 2 Bish. Cr. Proc. (3d ed.), § 960.)   But, when used with reference to a human being, the word "female" is synonymous, interchangeable with, equivalent to, and means "a woman." (*Robertson* v. *The State*, 31 Texas, 36; *Battle* v. *The State*, 4 Texas Ct. App., 595; 2 Bish. Cr. Proc. (3d ed.), § 952; *Holland* v. *The State*, 14 Texas Ct. App., 182.)   The first objection is not maintainable.

By the second objection it is insisted that the indictment fails to aver upon whom it was that defendant intended to commit the rape. In copying the indictment it will be noticed that we have italicised the words "*without the consent and without the will of.*" If these words can be stricken or eliminated from the charge — which may be done if they are surplusage — then there can be no question of the accuracy or of the sufficiency of the charge. Can these words be treated as surplusage? Are they essential to the description of the crime? It will be seen that the charge, omitting and leaving out these words entirely, is that defendant "an assault did make with the unlawful and felonious intent, then and there, of him, the said John Gibson, her, the said Mary Johnson, *alias* Mary Gibson, to carnally know and to ravish." The word "ravish" or "ravished" is the essential word in all indictments for rape or for assault with intent to rape; it is indispensable. (2 Bish. Cr. Proc., § 953.) It means all that is necessary to a charge of rape, and imports not only violence on the part of the man but resistance and want of consent on the part of the woman; and where that word is used in an indictment for rape, it is but repetition to allege that the defendant carnally knew the woman forcibly and against her will. (*Davis* v. *The State*, 42 Texas, 226. And see the same question we are discussing fully discussed, and the authorities cited, in *Williams* v. *The State*, 1 Texas Ct. App., 90, and *Mayo* v. *The State*, 7 Texas Ct. App., 342.) Under those authorities it is clear that the word "ravish," used in the indictment before us, renders the words "without the consent and against the will of" mere surplusage which may be disregarded as entirely unnecessary to the charge. If surplusage merely, then they should be eliminated and are not binding.

Taking this view of the question — and it is well sustained both in reason and authority — the indictment is not invalid by reason of the second objection. We hold that the indictment is good.

There is no statement of facts in the record, and no other question than the ones discussed is raised either by bill of exception or in the brief of counsel for appellant. There being no error in the judgment of conviction, apparent on the record before us, the judgment is affirmed.

*Affirmed.*

[Opinion delivered February 14, 1885.]