STATE OF MISSOURI, Respondent, v. JACOBS, Appellant.

**St. Louis Court of Appeals, November 5, 1908.**

**EVIDENCE: Res Gestae: Practice in Criminal Cases.** On the trial of a person charged with larceny, where the stolen property was found in his possession immediately after its loss, the defendant's statement in explanation of his possession, made to the officer on his first being accused of the theft, were admissible as part of the *res gestae*.

Appeal from St. Louis Court of Criminal Correction.— *Hon. Hiram N. Moore*, Judge.

REVERSED AND REMANDED.

*Thos. B. Harvey* for appellant.

The court sustained objections to the proffered testimony on the theory that it was a self-serving statement. But this was error. The testimony was admissible as a part of the *res gestae*, a statement made by the defendant when he is charged with the theft of the property or when being arrested for stealing it, and said property yet being in his possession and in the presence of himself and the officer. This is Hornbook law. 2 Bishop, New Crim. Proc. (4th Ed.), sec. 746; State v. Ware, 62 Mo. 601; Abbott's Trial Brief, p. 473 (171) ; 25 Cyc. Law and Proc. p. 138 (d).

NORTONI, J.—The defendant, a keeper of a second-hand store and junk shop, was convicted on a charge of petit larceny and prosecutes this appeal. The subject of the alleged larceny was a small quantity of molten lead, the property of the Laclede Gas Light Company. The material fact relied upon for conviction was an unexplained possession of the recently stolen property. The defense interposed is to the effect that defendant purchased the lead from a negro; that he took the name and address of the negro, and entered the same in a book kept for the purpose, in accordance with an ordinance of the city of St. Louis requiring as much from keepers of second-hand stores and junk shops. The error complained of on appeal is that the court excluded declarations of defendant as of the *res gestae* made in his interest to the police officer at the time of his arrest. The defendant himself sought to testify and his counsel also sought to elicit from the police officer who made the arrest that the defendant then stated to the officer the fact with respect to his coming into possession of the lead by purchase from the negro, whose name and address he had entered in a book. The court excluded this evidence both upon cross-examination of the police officer and upon direct examination of the defendant, as being self-serving declarations of the accused and therefore inadmissible. There is certainly no doubt of the rule of evidence to the effect that what the defendant may have said to the police officer in explanation of his possession of the alleged stolen property immediately upon his being arrested or given to understand that he was accused of the theft on the discovery of the property in his possession, would be admissible as part of the *res gestae*. [18 Amer. and Eng. Ency. Law (2 Ed.), 492, 493; State v. Castor, 93 Mo. 242, 251, 5 S. W. 906; State v. Ware, 62 Mo. 597, 601; 2 Bishop, New Crim. Proced. (4th Ed.), sec. 746.] It is always important, however, in the admission of such evidence to prevent the defend-

ant's self-serving declarations from coming before the jury. [2 Bishop, New Crim. Proced. (4 Ed.), sec. 746; Foster v. State, 4 Tex. App. 246.] The theory of the law in receiving in evidence as of the *res gestae* declarations of the accused made contemporaneously with and illustrative of the fact about which they are spoken, or upon being first charged with the offense, and before he has had an opportunity to contrive or concoct a story, is that because of their spontaneity they are at least likely to be true. If such declarations are reasonable and consistent with his innocence, they are entitled to very considerable weight in the scale or balance along with the presumption of innocence attending the defendant in a criminal cause. On the other hand, if some considerable time has elapsed after the property is discovered in possession of the accused and he is informed of the suspicion attached to his possession, such declarations in his own interest are excluded as self-serving and not of the *res gestac* on the theory that he has had ample time to concoct or contrive a story in his own interest tending to mislead or conceal the true fact. [2 Bishop, New Crim. Proced. (4 Ed.), sec. 746; 18 Amer. and Eng. Ency. Law (2 Ed.), 492, 493; State v. Castor, 93 Mo. 242, 251, 252.] It therefore appears that the defendant was entitled to the benefit of whatever statements he may have made in his own interest touching the possession of the property when first arrested or informed that he was under suspicion. It appears from the bill of exceptions that Hollis, the agent of the gas company, was absent from the place on its premises from whence the lead was stolen, only about fifteen minutes. Upon returning, the molten lead had disappeared. After searching a short time only therefor, he discovered it in defendants place of business wrapped in an old sack, lying near some scales. It does not appear that he said anything to the defendant about the matter one way or another. It seems Hollis sent out for a police

officer who answered his call a few moments thereafter and made the arrest. From all that appears in the bill of exceptions, the defendant was not taxed with the theft nor for that matter, in any manner given to understand that he was under suspicion until the police officer appeared and arrested him. There is indeed no word in the record to the effect that the defendant was even present in his store when Hollis entered and discovered the lead therein. A majority of the court are therefore persuaded that to allow an inference from what appears in the record to the effect that defendant was present when Hollis entered and on this inference, base another inference that Hollis accused him or otherwise intimated that he was under suspicion of the theft, would be unreasonable indeed. To base inference upon inference or presumption upon presumption, is not permissible. To predicate on mere inference the ruling insisted upon here certainly does not comport with the ends of justice sought to be attained by the principles of the common law in those proceedings wherein the liberty of a citizen is involved. Every word which appears in the bill of exceptions touching this matter is contained in the following excerpt therefrom:

"John Hollis, being duly sworn, upon his oath stated that he resided at 1411 Spruce street in the City of St. Louis, and is now and for quite a while has been employed as a private watchman for the Laclede Gas Light Company, which is a corporation, doing business in the city of St. Louis; and State of Missouri; that on March 17, 1906, a lot of scrap lead was melted on the premises of said company for the purpose of cooling out; and that during the very short absence of the said Hollis from the yard where said lead was placed it was stolen and taken away by some person unknown to witness, and in ten or fifteen minutes after having seen the lead in the said yard aforesaid, the witness missed it and undertook to find it; that ten or fifteen minutes thereaf-

ter, the witness went to the premises of the defendant, Harry Jacobs, where the said Jacobs keeps a second-hand store and junk shop, and found the lead back of some scales still hot and wrapped, or partially wrapped in a piece of cloth or sack; that witness examined the lead and recognized and identified it as the same lead which had been taken, stolen and carried away as aforesaid from the premises of the Laclede Gas Light Company, of which said company it was then and there the property, by certain indentations he made therein as the lead was cooling, and that it weighed about seventy-five (75) pounds and was of the value of three ($3) dollars or four ($4) dollars; and thereupon the witness sent for a policeman and within a few minutes, Officer Kinsey came into the junk shop and arrested Jacobs, and the lead aforesaid was taken by the witness."

From a careful perusal of this excerpt it is obvious that nothing appears therein to the effect that the defendant was informed in any manner by Hollis that he was under suspicion of having stolen the lead. It does appear affirmatively therefrom, however, that upon his arrival, the police officer arrested Jacobs and the declarations of Jacobs sought to be introduced in evidence were the declarations made then and there upon the occasion of his arrest, and so far as the record shows, immediately upon his being first taxed with the theft.

Entertaining this view, the judgment should be reversed and the cause remanded. It is so ordered. *Bland, P. J.,* concurs. *Goode, J.,* concurs in remanding case, but thinks it is question for jury whether defendant knew he was suspected of crime when he made declaration explanatory of his possession of the stolen property.