THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, *Appellant,* v. YOUNG *et al., Judges Clinton County Court.*

1. **Roads, Proceedings to Condemn Land for.** It must affirmatively appear on the face of proceedings had in a county court to condemn and take property for public road purposes, that all the facts necessary to confer jurisdiction existed before final action was taken to deprive the owner of his property.

2. ———— : JURISDICTIONAL FACTS. Notice of the intended application for the road, the residence of the requisite statutory number of petitioners, and the failure of the owner of the land to relinquish the right of way, are all jurisdictional facts and must appear on the face of the proceedings.

3. **Certiorari.** A writ of *certiorari* is in the nature of a writ of error and operates in a similar way.

*Appeal from Clinton Circuit Court.*—HON. G. W. DUNN, Judge.

REVERSED AND REMANDED.

*M. A. Low* and *T. E. Turney* for appellant.

(1) There is no pretense that an effort was made at any time to agree with appellant for a relinquishment of the right of way. This was a jurisdictional fact which should at least have been alleged in the report of the road commissioner ; and in the absence of such allegation

the county court had no jurisdiction to appoint a jury
to assess the damages, nor to make the order establish-
ing the road. *Linds v. Clemens*, 44 Mo. 540; *Ells v.
Railroad*, 51 Mo. 200; *United States v. Reed*, 56 Mo.
565, 572; *Railroad v. Campbell*, 62 Mo. 585–588;
*Whitely v. County*, 73 Mo. 30; R. S. 1879, sec. 6937;
*Cunningham v. Railroad*, 61 Mo. 33. (2) The notice
required by the statute of the application for the estab-
lishment of the road was not given. That notice had
been so given was a jurisdictional fact; and the record
must show not only that the notice was given, but that
it was given in the manner required by the statute. R.
S. sec. 6936; *Whitely v. County*, 73 Mo. 30; *Ells v.
Railroad*, 51 Mo. 200, and cases cited. (3) There was
no proof that the petitioners or any of them were house-
holders and resided in Shoal township; nor was there
any proof that three or any number of the petitioners
were of the immediate neighborhood of the proposed
road. R. S. sec. 6935. These facts are alleged in the
petition, but this is not sufficient. A jurisdictional fact
must be alleged and it must be proved. *Mitchell v.
Railroad*, 82 Mo. 106; *Backenstoe v. Railroad*, 86 Mo.
492; *King v. Railroad*, 90 Mo. 520. And in cases of
the character of this one, the record must show that the
proof was made. *Ells v. Railroad, supra; Lind v.
Clemens*, 44 Mo. 540; *Railroad v. Campbell*, 62 Mo.
585; *Whitely v. County*, 73 Mo. 30; *Cunningham v.
Railroad*, 61 Mo. 33. (4) The circuit court erred in
rejecting the testimony of William Conklin. The county
court, in the order appointing the jury, required them
to notify all parties interested of the time and place that
evidence would be heard touching the damages occa-
sioned by the establishment of the road. The return,
endorsed on the notice to appellant, itself showed that
the notice was not given as required by law; and the
testimony would have shown that there was not simply
a defective return, but that no notice was in fact given.

The action of the commissioners in making an *ex-parte* assessment of appellant's damages, was unauthorized both by the order appointing them and by the statute. R. S. sec. 6938.

*A. J. Althouse* for respondents.

(1) The county court acquired jurisdiction of this case when proof of due legal notice was made, and the petition was presented and publicly read. *Daugherty v. Brown*, 91 Mo. 26 ; R. S. secs. 6935, 6938. (2) The record must affirmatively show that the court has not complied with the law unless the matter is jurisdictional. Defects in the proceedings of the jury or road commissioner are not jurisdictional. *Sutherland v. Holmes*, 78 Mo. 402 ; *City v. Railroad*, 17 Mo. App. 105. (3) The jurisdiction of the circuit court in the case at bar was confined to an examination of such irregularities in the exercise of the jurisdiction of the county court as appear upon the face of the record and proceedings, and it could not inquire into matters of fact, or correct any errors of fact. *House v. County Court*, 67 Mo. 522 ; *Railroad v. Board*, 64 Mo. 294 ; Whittelsey's Mo. Prac. 615, and cases there cited. The court having jurisdiction and proceeding with the case regularly to final judgment, it will be presumed that proof was regularly made. *Baker v. Baker*, 70 Mo. 134 ; Freeman on Judg. secs. 53, 524.

SHERWOOD, J.—By *certiorari*, the Chicago, Rock Island & Pacific Railway Company brought up to the circuit court certain proceedings had in the county court for opening a public road, and when the proceedings of the county court were thus brought up for revision, moved to quash them for reasons to be presently noticed. This motion was denied.

Whenever the proceedings of a court, summary in their nature, are had with the view to take or condemn

the property of a citizen, it must *affirmatively* appear on the face of such proceedings, that all facts necessary to confer jurisdiction existed, before final action taken in the tribunal depriving the owner of his property. Such jurisdictional requisites do not affirmatively appear in the case at bar. Aside from a mere statement to that effect in the petition ( *Backenstoe v. Railroad*, 86 Mo. 492 ; *Mitchell v. Railroad*, 82 Mo. 106 ; *King v. Railroad*, 90 Mo. 520 ), it does not appear that twelve of the petitioners are householders of the township through which the proposed road is to run, nor that three of them are of the immediate neighborhood, as provided in Revised Statutes, section 6935, nor that notice of the intended application for the road had been given by handbills, etc., twenty days, etc., as required by Revised Statutes, section 6936. The statement in the order reciting the fact of the filing of the petition, that due legal notice of the intended application was proved, does not meet the requirements of the statute, nor cause the necessary facts to *affirmatively appear*. *Van Wickle v. Railroad*, 2 Greene, 162.

The fact of notice having been given in the mode pointed out by the statute, is as much a jurisdictional prerequisite as is the residence of the statutory number of petitioners. If either be lacking, the jurisdiction fails, and for the obvious reason that such proceedings, being *in invitum*, in derogation of common law and common right, are always regarded as *strictissimi juris*, and receive no help from intendments or implications, and so this court has repeatedly held. *Ellis v. Railroad*, 51 Mo. 200, and cases cited ; *Jefferson County v. Cowan*, 54 Mo. 234 ; *Whitely v. Platte County*, 73 Mo. 30 ; *Zimmerman v. Snowden*, 88 Mo. 218 ; *Anderson v. Pemberton*, 89 Mo. 61 ; *Colville v. Judy*, 73 Mo. 615 ; *Railroad v. Campbell*, 62 Mo. 585.

Again, section 6937, Revised Statutes, says : "The commissioner shall take the relinquishment of the right

of way of all persons who may give such, and make report thereon. The commissioner shall also state, in his report, the names of all persons who have relinquished the right of way or who have failed to relinquish the right of way, giving the names of both and the reasons therefor." It is quite apparent from the provisions of this section, that it contemplates a *conference* between the commissioner and the owners of the right of way along the proposed route; for how else could he report to the county court what persons had relinquished the right of way, and what persons had failed to do so, "giving the names of both and the reasons therefor," or how could he take the relinquishments of persons willing to make them? It does not appear that the commissioner, in this case, discharged his duty in this particular. And it is only upon failure of a land-owner or land-owners to relinquish, that the county court has any authority to appoint three freeholders to view the premises and assess the damages. R. S., sec. 6938. The failure of the owner to relinquish thus becomes a *jurisdictional* fact, and the rule laid down in *Ellis case, supra,* and subsequent cases, applies. As was aptly said in a previous case in this court, when treating of the subject now in hand: "The power to take property for public use, without the consent of the owner, is in derogation of the rights of the citizen, and can only be justified on the grounds of absolute necessity, * * * and when exercised, the power conferring the right must be strictly adhered to and complied with. It is no answer to say that certain things in a given enactment, conferring the authority, do not appear to be essential. Everything is essential which the law has said should be done, before this high prerogative right can be carried out and enforced." *Leslie v. St. Louis,* 47 Mo. 474.

But furthermore, the writ of *certiorari* is in the nature of a writ of error, and operates in a similar way.

*Farmington v. County Commissioners*, 112 Mass. 206 ; 3 Bouv. Inst., 556. By it, errors which might not be fatal in a collateral proceeding, may be the basis of redress.

The judgment should be reversed and the cause remanded. RAY, J., absent ; the other judges concur.