THE STATE OF MISSOURI *ex rel.* GEO. F. JONES, Respondent, v. COUNTY COURT OF COOPER COUNTY, Appellant.

Kansas City Court of Appeals, April 6, 1896.

1. **Jurisdiction:** PRESUMPTION: DIRECT ATTACK. Nothing will be presumed to be within the jurisdiction of inferior courts and their jurisdiction must appear by the record in all cases where it is directly attacked.

2. ———: CERTIORARI: COLLATERAL ATTACK. Where the facts touching the acquisition of jurisdiction by an inferior court fully appear in the record, the judgment of such court will in a collateral proceeding be looked upon with as much favor as that of a superior court; but, otherwise, in a direct attack as in *certiorari*.

3. ———: DRAMSHOPS: LAW-ABIDING CITIZEN. The proceedings of a circuit court awarding a license to keep a dramshop must show by the record that the applicant is a law-abiding, assessed, taxpaying male citizen above the age of twenty-one years or it will fail to show jurisdiction.

*Appeal from the Cooper Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

AFFIRMED.

*C. D. Corum* and *John Cosgrove* for appellants.

(1)   The county court of Cooper county had exclusive jurisdiction to grant licenses to dramshop keepers in the county of Cooper, under the laws of 1891, pp. 128–130, sec. 4.   (2)   The filing of the petition of John D. Patrick, signed by a majority of the assessed taxpaying citizens and guardians of minors owning property in the city of Bunceton, and in the block or square in which the dramshop was to be kept, gave that county court jurisdiction of the subject-matter and when it once acquired jurisdiction, all of its acts are presumed to have been within the scope of its authority and jurisdiction.   *Bean v. County Court*, 33 Mo. App. 635.   (3)   The county court having acquired jurisdiction, the presumption is that there was sufficient evidence adduced to enable it to find and determine, and that it did find and determine, that John D. Patrick was a law-abiding, assessed, taxpaying male citizen, over the age of twenty-one years.   If these facts were not necessary to have been found by the county court, it was not necessary that they should have been stated in the judgment.   1 Black on Judgment, sec. 282;  *Price v. Real Estate Association*, 101 Mo. 107–116; *Anthony v. Rice*, 110 Mo. 230; *Macey v. Stark*, 116 Mo. 481; *Leonard v. Spark*, 117 Mo. 103, and cases cited; *State v. Dagon*, 110 Mo. 138.   (4) The county court having acquired jurisdiction, the circuit and this court will, in this proceeding, only look at the record and if that shows jurisdiction the writ will not be made absolute as the superior court will not inquire into the fact whether the jurisdiction was correctly or properly exercised.   *State ex rel. v. Mayor*, 57 Mo. App. 192; *Thornton v. Baker*, 15 R. I. 552; Am. St. Rep. 925.   (5)   The county court was—as to

the question of granting a license to keep a dramshop —a court of unlimited jurisdiction, and it was not bound to state specifically in its judgment every fact in the case which may have arisen during the progress of the investigation. *Evans v. Brady,* 48 Mo. 560; *Reese v. Cook,* 17 Mo. App. 512.

*W. F. Johnson* and *Draffen & Williams* for respondent.

(1) This is not a collateral attack upon the order of the county court, and authorities upholding the orders of inferior tribunals against such attacks, even where such orders are defective and insufficient, are inapplicable. "The writ of *certiorari* is in the nature of a writ of error, and operates in a similar way. By it, errors which might not be fatal in a collateral proceeding may be the basis of redress." *Railroad v. Young,* 96 Mo. 39, 43; *State ex rel. v. Neosho,* 57 Mo. App. 192, 198; *State ex rel. v. Edwards,* 104 Mo. 125; *Railroad v. State Board of Equalization,* 64 Mo. 294. The case of *Leonard v. Sparks,* 117 Mo. 103, 117, expressly makes this distinction. (2) This being a direct proceeding to review the record of the county court, it is essential that all the facts, conferring jurisdiction upon said court to enter the particular order or judgment complained of, must appear affirmatively upon said record. It is a familiar rule, and one which has been frequently enforced by the courts of this state, that the facts showing jurisdiction of inferior tribunals must affirmatively appear upon their record, and that no presumptions are indulged as to matters not so appearing. *State v. Metzger,* 26 Mo. 65; *State ex rel. v. Police Commissioners,* 14 Mo. App. 297–309; *State v. Schneider,* 47 Mo. App. 669; *State ex rel. v. Neosho,* 57 Mo. App. 192. (3) This point has recently

been directly made and passed upon in a dramshop case by the St. Louis court of appeals, and that court has held that jurisdiction to grant the particular license must affirmatively appear upon the face of the record. *State ex rel. v. Neosho, supra*; *State v. Schneider, supra*; *State ex rel. v. Heege*, 37 Mo. App. 338-348. (4)¹ The county court had no more authority to grant a dramshop license, without determining that the applicant was a male person over the age of twenty-one years, and that he was a taxpaying citizen, than to grant such license in the absence of a finding, that a majority of the assessed taxpaying citizens had petitioned therefor. Session Acts of 1891, p. 128, sec. 4.

ELLISON, J.—This a proceeding by *certiorari*, issued by the circuit court to the county court of Cooper county, whereby it is sought to annul a dramshop license which the county court granted to John D. Patrick. The circuit court annulled the license. The ground assumed by the relator is that the county court had no jurisdiction to grant such license, on account of its not appearing in the record that said Patrick was a "law-abiding, assessed, taxpaying male citizen above twenty-one years of age." The record of the county court is silent on that question and relator contends that that fact must affirmatively appear of record before the county court has jurisdiction to grant the license.

The rule of law is that nothing will be presumed to be within the jurisdiction of inferior courts, and that such jurisdiction must appear by the record in all cases where it is attacked directly for that reason.

Section 4 of the dramshop act, Laws, 1891, page 128, declares: "Application for a license as a dramshop keeper shall be made in writing to the county court, and shall state specifically where the dramshop is to

be kept, and if the court shall be of the opinion that the applicant is a law-abiding, assessed, taxpaying citizen, above twenty-one years of age, the court may grant a license for six months    *    *    *"

We interpret that language to mean that the court only has authority to grant a license to a person who is a law-abiding citizen, an assessed taxpayer and a male over twenty-one years old; and that if the court should grant a license to one who was not found by the court to be a law-abiding, male, assessed, taxpaying citizen, over twenty-one years of age, the license would be void. Unless the person applying for the license was found to fill the description prescribed by the statute, the court would have no authority to grant the license. This being true, the only question left in the case is whether the record must affirmatively show such facts in order that it may be said that the court had jurisdiction. There is a long line of decisions in this state, familiar to the bar, holding that it must. *Railroad v. Young*, 96 Mo. 39, and cases there cited. And the rule having been heretofore applied to dramshop license cases, must be applied to this case. *State ex rel. v. Neosho*, 57 Mo. App. 192; *State v. Schneider*, 47 Mo. App. 669.

Counsel for defendants have cited us to authority like that of *Leonard v. Sparks*, 117 Mo. 103, wherein it was held that where the facts touching the acquisition of jurisdiction by an inferior court fully appear in the record, the judgment of such court will be looked upon with as much favor as that of a superior court. But that case was a collateral attack and not a direct proceeding, as in *certiorari*. The writ of *certiorari* will reach, and render fatal, defects which would not be so in a collateral proceeding. *Railroad v. Young, supra*.

But, aside from whether this be a collateral or

direct attack, we do not consider that sufficient facts have been made to appear to give the court jurisdiction. The position taken by defendants is, that the jurisdictional facts in this case are an application for license accompanied by a petition signed by certain described citizens of certain qualifications, as provided in section 8 of the session acts aforesaid. And that if the proper application is stated to have been made, and the record discloses a petition of the character required has been presented, then the court has jurisdiction and that it would be presumed, in the silence of the record, relating to sex, age, etc., that other facts, necessary to a proper exercise of the jurisdiction were found to exist by the court. But, in our opinion, jurisdiction does not attach in the county court to grant a license except upon the application of "a law-abiding, assessed, taxpaying, male citizen, above the age of twenty-one years." If the applicant was a female, or was a minor, or lacked the other qualifications mentioned, the court would be without jurisdiction, for they have no power to hear an application from such a party. If the record disclosed such a party, the court could strike the application from the files.

It follows, therefore, that these facts can not be assumed and should have appeared somewhere in the record. And while these are facts which must be found by the court and are questions left exclusively to that court for determination, yet the record must somewhere show them, else it will fail to show jurisdiction.

The result is to affirm the judgment and it is so ordered. All concur.