THE STATE OF MISSOURI ex rel. CHARLES W.
SMART et al., Appellants, v. EMMETT M.
WILSON et al., Respondents.

**Kansas City Court of Appeals, May 11, 1903.**

1. **Schools: CHANGING BOUNDARY LINES: APPEAL: COMPU-
TATION OF TIME.** An appeal from the decision of the interested
districts in regard to change of boundary lines of the districts must
be taken within five days; the action was had on Tuesday the first,
the appeal was taken on Monday the seventh: *Held,* in time, since
under the statute the first day, Tuesday, must be excluded and the
last day, Sunday, must likewise be excluded.

2. .———: ———: ———: **ARBITRATION: TAXPAYER VERSUS
VOTER.** On an appeal from the decision of the interested districts
on a change of boundary lines, the school commissioner must ap-
point disinterested resident taxpayers as a board of arbitration to
settle the question, and where his record shows that he appointed
"voters" it is insufficient, and the arbitrators acquire no jurisdic-
tion, since the record of an inferior tribunal must show the juris-
dictional facts.

Appeal from Sullivan Circuit Court. — *Hon. John P.
Butler,* Judge.

REVERSED AND REMANDED.

*Wilson & Clapp* for appellants.

(1) Nothing will be presumed to be within the
jurisdiction of inferior courts and tribunals, and their
jurisdiction must appear by the record in all cases
where it is directly attacked. State ex rel. v. County
Court, 66 Mo. App. 96; Railroad v. Young, 96 Mo. 39,
and cases cited. (2) It is a familiar rule, and one
which has been frequently enforced by the courts of
this State that the facts showing jurisdiction of inferior
tribunals must affirmatively appear upon their record,
and that no presumptions are indulged in as to matters
not so appearing. State v. Metzger, 26 Mo. 65; Harris

v. Hunt, 97 Mo. 574; Bank v. Doak, 75 Mo. App. 332; Ex parte O'Brien, 127 Mo. 477; Sutton v. Cole, 155 Mo. 213. (3) An appeal must be filed with the commissioner within five days after the annual meeting. Sec. 9742, R. S. 1899. The annual meeting of each school district shall be held on the first Tuesday in April of each year. Sec. 9749, R. S. 1899. As the annual meeting always comes on the first Tuesday, the fifth day thereafter always comes on Sunday. If the last day fixed by statute for doing an act falls on Sunday, then Sunday shall be excluded, and the act must be performed on the previous Saturday. Sec. 4160, R. S. 1899; Patrick v. Faulke, 45 Mo. 312; Miner v. Tilley, 54 Mo. App. 627. (4) And the rule that when the last day of a period of time falls on Sunday the period will be extended to include the following Monday, is not applicable to acts which by statute are required to be done within a certain time therein limited. Haley v. Young, 134 Mass. 364.

*R. E. Ash* and *Wattenbarger & Bingham* for respondents.

(1) We presume the rule is well established that the jurisdiction of all inferior courts and tribunals must appear by the record in all cases where it is directly attacked. Such facts as give jurisdiction must affirmatively appear upon their record. We raise the question, would this doctrine apply to a school board of arbitration where the law does not require them to keep a record? The board of arbitrators, having acquired jurisdiction as in this case, the statute contemplates a mere informal investigation by them of the necessity of the proposed change, and does not require a record to be kept either by the superintendent of schools or the board of arbitration, not even a record of their decision. They are only required to transmit their decision to the clerks of the districts concerned. R. S. 1899, sec. 9742; State ex rel. v. Gibson, 78 Mo. App.

175. By their action they complied with the letter of the law. There is no necessity for any other record. State ex rel. v. Denny, 94 Mo. App. 565. (2) The matter of appeal was referred to the county commissioner and was filed with him in writing on Monday following the school meeting held on Tuesday, the first day of April, 1902. This was within the time provided by law. Sec. 9742, R. S. 1899. The first Monday after the annual meeting is the last day upon which the appeal can be filed. Carrington's Notes, School Law 1899, p. 8; sec. 4160, subd. 4, R. S. 1899; Evans v. Railroad, 76 Mo. App. 468. (3) The board of arbitrators do not constitute a court of record, nor are they recognized as a judicial body. We do not think the Legislature intended to clothe them with judicial powers. The statute contemplates a mere informal investigation by the board of arbitration as to the propriety of the changes. Having acquired jurisdiction of the matter, they are directed to proceed to inform themselves as to the necessity of such proposed changes. State ex rel. v. Gibson, 78 Mo. App. 170.

ELLISON, J.—The facts necessary to state for a determination of this appeal are as follows:

A proceeding was begun under the provisions of section 9742, Revised Statutes 1899, to change the boundary line of school districts in Sullivan county. One district voted in favor of and the other against the change. An appeal was taken to the county school commissioner, as provided in such statute, when he appointed a board of arbitrators who decided in favor of the change. Whereupon a writ of certiorari was issued from the circuit court of that county requiring the record and proceeding to be certified to that court for further disposition. There was an agreed statement of facts which was accepted as the return to the writ. The court dismissed the petition and respondents therein were discharged. Whereupon, relators appealed to this court.

The question presented here relates to the validity of the proceeding before the school commissioner and the board of arbitration. The statute aforesaid provides that when it was desired to form a new school district out of the territory of other districts, or to change the boundary line of districts, a petition should be presented to the district clerks of the districts affected, who are required to give fifteen days notice before an annual meeting, when the question shall be submitted to the voters there assembled. The statute further provides: ''If the assent to such change be given by all the annual meetings of the various districts thus voting, or of the part of the district to be divided, each part voting separately, the district or districts shall be deemed formed or the boundary lines thus changed from that date; but if all the districts, or parts of districts affected do not vote in favor of such change, the matter may be referred to the county commissioner; and upon such appeal being filed with him, in writing, within five days after the annual meeting, he shall appoint four disinterested men, resident taxpayers of the county, who, together with himself, shall constitute a board of arbitration, whose duty it shall be to consider the necessity for such proposed change and render a decision thereon, which decision shall be final. When there is an equal division the county commissioner shall give the casting vote. The commissioner shall at the time of the appointment of these members of this board of arbitration notify them to meet him at some convenient place in the county within fifteen days after annual school meeting where the deliberations of the board shall take place and its decision be rendered. But in making such change, the decision in all cases shall conform to the propositions contained in the notices and voted upon at the annual meeting; and the county commissioner shall, on or before the last day of April, transmit the decision to the clerks of the various districts interested, or to the clerk of the district divided,

and said clerk or clerks shall enter the same upon the records of his or their respective district or districts; and the said board of arbitration shall be allowed a fee of fifteen dollars, to be paid by the district or districts taking the appeal at the time said appeal is made: Provided, however, that no new district shall be created or boundary line changed by which any district shall be formed containing within its limits by actual count less than twenty pupils of school age, or by which any district shall be left containing within its limits by actual count less than twenty pupils of school age.''

The annual meeting was held on Tuesday, April 1, 1902, and, as before stated, the school districts did not vote alike on the proposition submitted. The appeal was taken on the 7th day of April, which was the following Monday.

The first question to be disposed of relates to the appeal to the county school commissioner. The statute (subdivision 4 of section 4160, Revised Statutes 1899) is as follows: ''The time within which an act is to be done shall be computed by excluding the first day and including the last, if the last day be Sunday it shall be excluded.'' The day the vote was taken was Tuesday the 1st of April. The last of the five days allowed for an appeal was Sunday. Therefore, under the plain words of the statute it must be excluded from the count of time. Evans v. Railway, 76 Mo. App. 468. The position of counsel for relator amounts to an insistence that in computing the time when the last day limited is Sunday you must include that day, when the statute is that you must exclude it. We endeavored to make this plain in the case just cited and had not heard it questioned till now. We therefore hold that the appeal was taken in time.

The next question is as to the validity of the proceedings before the board of arbitrators. Several points have been made against the proceedings which merit serious consideration, but we need only consider one. The stat-

ute requires that the commissioner "shall appoint four disinterested men, resident taxpayers of the county, who together with himself, shall constitute a board of arbitration," etc.   As stated above, the commissioner did appoint arbitrators.   He certified to the district court that, "the following voters, James Talbert, Henry Richmond, J. P. Painter and Bruce Woodard were appointed who after hearing the evidence in the case, the said board decided in favor of petitioners and granted their prayer," etc. It does not appear from this that the commissioner complied with the statute.   It does not appear the arbitrators were disinterested resident taxpayers. If we may assume from the fact of their being "voters" that they were residents of Sullivan county, yet, we can not assume that they were taxpayers.   It is fundamental that however informal the proceedings of an inferior judicial tribunal may be, the fact that it is such inferior tribunal makes it necessary that the record of its proceedings should show such facts as give it jurisdiction.   The cases on this subject are reviewed in a recent opinion by Judge MARSHALL in Sutton v. Cole, 155 Mo. 206.   A tribunal composed of arbitrators who were not taxpayers would be illegal, and as we can not assume anything in favor of the jurisdiction we must hold the proceeding to be void.   This has been held in proceedings instituted by petitioners for the condemnation of a public road    (C. & R. I. Railroad v. Young, 96 Mo. 39); and for obtaining a dramshop license (State ex rel. v. County Court, 66 Mo. App. 96).

We will therefore reverse the judgment and remand the cause with directions to the circuit court to enter judgment quashing and annulling the proceedings of the board of arbitration in the premises.   All concur.