# W. A. GLENN, Appellant, v. COUNTY COURT OF WRIGHT COUNTY et al.

### Division One, October 10, 1919.

PUBLIC ROAD: Jurisdiction: Recitals in Judgment.  It is not sufficient that the  petition for a public road recite that it was signed by at least twelve freeholders of the municipal township and that at least three of them were of the immediate neighborhood.  Those things are jurisdictional, and must affirmatively appear in the face of the record of the county court ordering the establishment of the road; and unless they do so appear, it is the duty of the circuit court to which the proceeding is appealed, to sustain appellant's motion to set aside and annul the proceedings of the county court.

Appeal from Douglas Circuit Court.—*Hon. John T. Moore,* Judge.

REVERSED AND REMANDED (*with directions*).

*L. O. Neider* and *N. B. Wilkinson* for appellant.

(1)  The petition is fatally defective in that it does not describe any definite termination of such proposed highway;  gives no legal description of the land where such road is to end;  neither does it describe legally any of the land through which it is proposed to locate such road.  And it wholly fails to describe the land of appellant.  These are jurisdictional requirements, and all proceedings thereafter are without law, unless the record shows that they were followed.  There is no finding by the county court that any twelve of the persons who signed the petition were resident freeholders of the municipal township of Gasconade, or that any three of them were of the "immediate neighborhood" of the proposed road, and no evidence of such facts except the naked recital found in the petition.  This is fatally defective.  Nor is there any finding, or established fact, that notice of the intended road had been given by hand bills, etc., twenty days, etc., required by

the law. Chicago, R. I. & Pac. Ry. v. Young, 96 Mo. 39; Blackenstoe v. Railroad, 86 Mo. 492; Mitchell v. Railroad, 82 Mo. 106; King v. Railroad, 90 Mo. 520; Anderson v. Pemberton, 89 Mo. 61; Ziebold v. Foster, 118 Mo. 349; Lingo v. Burford, 112 Mo. 155; Daugherty v. Brown, 91 Mo. 30; Jefferson County v. Cowan, 54 Mo. 237; Whiteley v. Platte County, 73 Mo. 30; Zimmerman v. Snowden, 88 Mo. 220; Colville v. Judy, 73 Mo. 654; Williams v. Kirby, 169 Mo. 622; Hughes v. Mermod, 121 Mo. 98; St. Louis v. Glasgow, 254 Mo. 252. (2) Proceedings to open a public highway over a man's land objecting to them, are, in derogation to common law and common right, always regarded as "*strictissimi juris*" and receive no help from intendments. Ellis v. Railroad, 51 Mo. 200; Railroad v. Campbell, 63 Mo. 585.

*J. W. Jackson* for respondent.

SMALL, C.—This is a proceeding instituted in the County Court of Wright County, to open a public road through land belonging to the appellant. The appellant claimed damages in the county court, but was allowed none, and judgment was rendered establishing the road. He appealed the case to the circuit court of said county, from which a change of venue was awarded him to the Circuit Court of Douglas County. In that court appellant moved to set aside and annul the judgment of the County Court of Wright County, because the record failed to show that said court had obtained jurisdiction of the subject-matter. This motion being denied, appellant duly appealed to this court.

The petition for the road states that it is signed by at least twelve duly qualified and competent adult petitioners, residents of, and in their own right owners of, land in the municipal township through which the road is to pass, and that three of them reside in the immediate neighborhood of the proposed public road. It purports to be signed by W. F. Borders and fifteen others, but appellant is not one of the signers.

The order of the county court, upon the hearing of the petition, recites as follows: "In the matter of the petition of W. F. Borders et al. Petition for a public road. Now on this day, the court having taken up and fully considered the above named cause, hereby orders that W. R. Wood, County Highway Commissioner, proceed to view, survey and mark out such road thirty feet in width, described in the petition," etc. There is no finding or recital in the said order, or any other order, of the county court that the petition was signed by at least twelve or any freeholders of the municipal township or townships through which the proposed road was to run, or that three of them are of the immediate neighborhood. There are other recitals and statements omitted from the order of the court, which it is not necessary, in the view we take of the case, to consider.

It was not sufficient that the petition itself recited that it was signed by at least twelve freeholders of the municipal township, and that at least three of them were of the immediate neighborhood, as required by the statute under which the proceeding was brought (Laws 1913, p. 653). But the order of the county court made at the time or prior to the granting of the petition should show on its face that the court found that the petition was so signed. This was jurisdictional to the power of the county court to take the initial step of ordering the county engineer to mark out the road, and must affirmatively appear upon the face of the record of the county court. [Chicago Ry. Co. v. Young, 96 Mo. 39; St. Louis v. Glasgow, 254 Mo. 262.]

Many other defects in these proceedings are urged by appellant, which are unnecessary for us to review, as we have no doubt that if the proceedings are instituted again the law in all respects will be carefully complied with.

Judgment reversed and cause remanded with directions to the Circuit Court of Douglas County to sustain appellant's motion to set aside and annul the judg-

ment and proceedings of the County Court of Wright County.

*Brown* and *Ragland, CC.,* concur.

PER CURIAM:—The foregoing opinion of SMALL, C., is adopted as the opinion of the court. *Blair, P. J.,* and *Woodson* and *Graves, JJ.,* concur.