(106 So. 728)

No. 27421.

### STATE v. ROBERSON.

### In re ROBERSON.

(Nov. 30, 1925. Rehearing Denied Jan. 4, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Intoxicating liquors** ⬡137—**Man living alone in rented room held "householder," entitled to make beer and wine in home.**

Man living alone in rented room *held* "householder" within Act No. 39 of 1921 (Extra Sess.) § 4, excepting householder making beer and wine in his home for use of himself, family, and guests from prohibition of manufacture, and hence possession of intoxicating liquor so made is not punishable.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Householder.]

2. **Intoxicating liquors** ⬡132—**Act exempting householder from liability for making homemade liquors not invalid as in conflict with Volstead Law.**

Act No. 39 of 1921 (Extra Sess.) § 4, excepting householder making beer and wine in his home from prohibition, *held* not invalid as in conflict with Volstead Act (U. S. Comp. St. Ann. Supp. 1923, § 10138¼ et seq.); state Legislature not being compelled to go as far as Congress.

Land, Overton, and Thompson, JJ., dissenting.

Jake Roberson was convicted of possessing intoxicating liquor for beverage purposes, and applies for certiorari and manda-

mus. Verdict and sentence annulled, relator discharged, and prosecution dismissed.

Drew & Drew, of Minden, for relator.

W. D. Goff, Dist. Atty., of Arcadia, for the State.

O'NIELL, C. J. The defendant was convicted of having intoxicating liquor in his possession for beverage purposes, in violation of Act 39 of 1921 (Extra Sess.) p. 42.

It was explained in a bill of particulars, annexed to the bill of information, that the defendant was found drunk, in bed, in his home, having partaken too freely of a wine that he had made of May haws.

He claimed the exemption allowed by the fourth section of the statute, viz.:

"Sec. 4. That nothing in this act shall be construed to forbid the possession of intoxicating liquors in one's private dwelling or abode while the same is occupied by him as such a dwelling, provided such intoxicating liquors were legally acquired and are only for personal consumption by the owner thereof and his family residing in such dwelling and his bona fide guests when entertained by him therein.

"Nothing in this act shall be construed to prevent a citizen who is a householder from brewing beer and fermenting wine for the use of himself and his family in his home and his bona fide guests entertained in such home."

The case was submitted on a statement mutually admitted to be the facts of the case, viz.:

"The defendant, Roberson, was renting a room in the house of another person, and was eating and sleeping there. It was the only home he had anywhere. In the room so occupied by the defendant as his home was found a jug containing May haw wine, which had been made by him, for his own use, and was never moved from the room. The wine was intoxicating if drunk in sufficient quantities."

The only question that was left for the judge to decide was whether a man so living alone in a rented room was a "householder," as the word is used in the statute. The judge ruled that the man was not a householder. A motion for new trial and motion

in arrest of judgment were overruled, and bills of exception were reserved. The sentence imposed was too small to give the defendant a right of appeal. The case is before us on a writ of certiorari.

[1] Although, in some respects, a man without family, occupying only a rented room, might not be called a householder, no reason has been suggested for discriminating against him and in favor of a man of family, living in his own house, with regard to the right to make home brew or wine. Webster's New International Dictionary gives both definitions of the word "householder," viz.: "The master or head of a family; one who occupies a house or separate tenement with his family or alone." The purpose of the Legislature, in confining this privilege to householders, was to make sure that wine and beer should not be made or possessed for sale, or except for home consumption. Our conclusion is that the ruling in this case was wrong.

[2] The district judge says, in his answer to the rule which we issued, that, besides ruling that the defendant was not a householder, he deemed the provisions of section 4 of the statute to be in conflict with the Volstead Law (U. S. Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), and therefore invalid. The idea was that a Legislature could not make the prohibition law less severe than the Congress has made it. Of course, a state Legislature cannot curb the authority of the federal officers to prosecute in the federal courts violators of the federal laws; but a state Legislature is not compelled to go as far as the Congress has gone in the making of prohibition laws, or to enact a state prohibition law at all, for that matter.

The verdict and sentence in this case are annulled, and it is ordered that the relator be discharged and the prosecution dismissed.

OVERTON and THOMPSON, JJ., dissent.

LAND, J. (dissenting). In the last paragraph of section 4 of Act 39 of 1921 (Extra Sess.), the Hood Law, it is declared that—

"Nothing in this act shall be construed to prevent a citizen *who is a householder* from brewing beer and fermenting wine *for the use of himself and his family in his home* and his bona fide guest entertained *in such home.*"

"*A householder* is defined to be *a master or chief of a family, which family occupies a dwelling house.* Hutchinson v. Chamberlin, 11 N. Y. Leg. Obs. 248, 249; Carpenter v. Dame, 10 Ind. 125, 130. *One who keeps house with his family.* Greenwood v. Maddox, 27 Ark. 648, 655."

"*A householder is the master of a household,* and a household is a family living together; however, not necessarily wife and children. But it must be *a family, small or large, for which he provides.* Fink v. Fraenkle [City Ct.] 14 N. Y. S. 140, 141, 20 Civ. Proc. R. 402."

"The word 'householder' means merely, according to Webster, *a master or chief of a family; one who keeps house with his family.* Mr. Anderson defines 'householder' to be *the head of a household, a person who has charge of a family or household.* The word conveys, *with the word 'family,' the idea of domestic establishment or management of a household.* Fore v. Hoke, 48 Mo. App. 254, 261."

4 Words and Phrases, 3366, 3367, verbo "Householder."

"Householder. A master of *a family;* a person who has charge and provides for, *a family* or household; one who keeps house *with his family;* the occupier of a house; *the head* of a household; the master or chief of *a family.* The term implies the idea of *a domestic establishment, or the management of a household* and of residence. It has been held to include married women, widows, widowers, and bachelors, provided they constitute *the head of the family.*" 30 C. J. verbo "Householder," 474.

Section 4 of Act 39 of 1921 (Extra Sess.), the Hood Law, has expressly used the word "householder" in connection with the word "family":

"Nothing in this act shall be construed to prevent a citizen who is a *householder* from brewing beer and fermenting wine for the use of *himself and his family in his home* and his bona fide guest entertained *in such home.*"

The legal definition of householder, as cited above, has been expressly read into the statute.

The defendant in this case is a mere roomer or lodger in the home of a householder. He is not shown to have any domestic relations at all, or to keep house with his family, or to provide for a family. He is not the master or chief of the family in the house in which he rooms. He does not provide for the family occupying the house. Defendant has no control or jurisdiction over the house or the family of the householder where he lodges. He has no management of the domestic establishment at all. It is clear, therefore, that defendant is not a householder with a family, and therefore cannot legally brew beer for any purpose, merely as a roomer or lodger.

The Legislature was well aware of the danger of allowing beer to be brewed at all, unless such privilege was restricted to responsible householders with families, and to consumption at home.

The purpose of the provision as to a "householder" was to so define that term as to exclude mere transient and irresponsible persons, who drift from one community to another in the state, and who occupy some rented room long enough to make "a brew" to sell in violation of law.

Not only criminal statutes, but exemptions, even in civil statutes, are strictly construed, to say nothing of the exemption claimed by defendant under a criminal statute in this case.

I therefore respectfully dissent from the opinion of the majority.